(No. 75-CV-0319— )

IN RE APPLICATION OF ROBERT LEE COOPER, et al.

*Opinion filed April 7, 1978.*

TAUBE AND PHIPPS, by WILLIAM H. TAUBE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois; ALAN HOFFMAN, Assistant Attorney General.

PER CURIAM.

This is a claim for compensation pursuant to the provisions of the "Crime Victims Compensation Act" (Ill. Rev. Stat., 1973, Ch. 70, § 71, et seq.), hereinafter the Act.

This Court has carefully considered the Claimant's application for benefits and the Commissioner's report of the hearing that was held on March 2, 1977.

According to the facts adduced at the hearing it is the Claimant's contention that the victim's minor children are entitled to compensation for loss of suport based upon Aid to Dependent Children payments. The victim received $467.00 per month in the form of Aid to Dependent Children payments. Presently, the minor children are receiving $214.00 per month in Social Security Benefits and $28.00 in public assistance from the State of Mississippi. The Claimant seeks the difference, $225.00 as loss of support for the victim's minor children.

The issue is whether support payments would be considered earnings so as to compensate the victim's children for loss of support.

The "Crime Victim's Compensation Act" § 74 provides as follows:

.... Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less.

This Court understands earnings to be compensation for services rendered. Support payments are monetary payments made by the state because the recipient is in need of them. Public Aid or support payments are not earned. They are given at the discretion and under the supervision of the State. Therefore, in view of the foregoing this court believes that the support payments were not earnings and cannot be used as a basis for loss of support.

As to the funeral bill of $535.00 this Court believes that it is compensable under the Act subject, however, to the $200.00 exclusion in § 7 (d) of the Act.

It is, therefore, ordered that the claim for loss of support be denied and the funeral bill be allowed in the amount of $335.00.