(No. 76-CV-0878 — ▮▮▮▮▮)

## IN RE APPLICATION OF BEATRICE CHANDLER

*Opinion filed December 22, 1978.*

MICHAEL D. GOLDEN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General for Illinois.

POLOS, C.J.

This is an action under the "Crime Victims Compensation Act," *(Ill. Rev Stat. Ch. 70, para. 71, et seq.),* hereafter the Act.

The Court has carefully reviewed the application for benefits submitted herein, the investigatory report of the Attorney General of Illinois, a stipulation entered into between the parties, and a transcript of evidence taken in this cause on August 2, 1978, before a Commissioner of this Court.

On consideration thereof, this Court finds as follows:

1. Claimant was, on and before September 4, 1974, married to one Ben Chandler.

2. On September 7, 1974, the said Ben Chandler was a victim of a violent crime as defined by Section 2(c) of the Act, to wit "murder."

3. The said Ben Chandler in no way contributed to or incited said crime.

4. Claimant and the decedent had, on the date of his death, one minor child.

5. Claimant and the deceased were separated on the date of his death, but no suit for dissolution of marriage had been filed.

6. The deceased was unemployed at the time of his death, and had been unemployed for more than six months last preceeding the date of his death, and was a recipient of Public Aid during said period.

7. Claimant has fully complied with all technical provisions of the Act.

8. Claimant did not pay any monies on account of medical, hospital and/or funeral expenses incurred by the deceased or his estate, and does not seek reimbursement therefore.

The sole issue before the Court is whether Claimant is entitled to compensation for loss of support under the foregoing facts.

Section 4 of the Act, (Ill. Rev. Stat. Ch. 70, para 74), provides as follows:

"Pecuniary loss to an applicant under this Act resulting from injury or death to a victim includes in the case of injury, appropriate medical expenses or hospital expenses, loss of earnings, loss of future earnings because of a disability resulting from the injury, and other expenses for treatment by Christian Science practitioners and nursing care appropriate thereto; and, in addition *in the case of death, funeral and burial expenses and loss of support to the dependents of the victim. Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average monthly earnings for the 6 months immediately preceding the date of the injury or on $500.00 per month, whichever is less.* Nothing in this Section authorizes the making of child support payments for the benefit of a child conceived as a resuslt of the rape of its mother. Pain and suffering shall not be considered in determining pecuniary loss. Pecuniary loss does not include property damage."

It is clear from Section 4 of the Act that as a condition to the right of a dependant to recover for loss of

support in the case of death, the loss of support must first be established, and it must further be established that the victim had some earnings during the six month period preceding his death. It will be noted that the statute provides that loss of support "shall be determined" on the basis of the victims average monthly earnings for that period.

Here, the record is clear that the deceased had been unemployed for six months preceding his death. Claimant argues however that the deceased was a recipient of Public Aid during said period, and that amounts received from Public Aid were "earnings" within the meaning of the Act.

However, we adopt the ordinary and common definition of the word "earnings" i.e. "something earned as compensation for labor or the use of capital." Webster, Third New Int. Dictionary, 1976, page 714. Proceeds of public charity can by no stretch of the imagination be deemed compensation for labor or capital.

Since the Act dictates that the amount of any award for loss of support be determined solely upon the basis of victims earnings for the six months preceding his death, and since Ben Chandler did not have earnings within that six month period, we are compelled to hold that an award for loss of support cannot be made in this cause.

It is therefore ordered that this claim be, and hereby is denied.