(No. 80-CV-0726– )

*In re* APPLICATION OF JAMES S. KIZER.

*Order filed February 8, 1982.*

JAMES S. KIZER, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on June 11, 1977. James S. Kizer, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on May 13, 1980, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on June 11, 1977, the Claimant was shot during a card game at Gray Eyes Tavern in North Mounds City, Illinois, by an offender who was known to him. Police investigation revealed that the Claimant was a player at a gaming table when the offender accused him of taking some money. The offender asked for the money back and the Claimant refused, at which time the offender shot him. The Claimant was taken to Padco Community Hospital for treatment.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to his wrongful act or substantial provocation of his assailant. Gambling is a crime in the State of Illinois. (Ill. Rev. Stat. 1977, ch. 38, par. 28—1.) This Court has consistently held since the Court's decision in the case of *In Re Application of Hardy*, 31 Ill. Ct. Cl. 230, that where a victim was killed as a result of arguments during gambling, such a victim substantially contributed through his illegal acts to his own injury or death.

This Court in the *Hardy* case said:

"Although this court can not ignore this brutal killing, neither can it ignore the evidence before it as to the circumstances leading to it. The Act under which this claim is made is intended to compensate for injuries or death to victims who were innocent of any contribution to their own injury or death. The victim in this case, placed himself in a situation, through his illegal activities, where further illegal activities would be the probable result. Surely, the victim did not expect to be murdered, but just as surely he did place himself in a situation where he can not be considered an innocent victim."

This reasoning is wholly applicable to the case before us.

3. That the evidence indicates that the Claimant was involved in a card game for money prior to his being shot, and that the shooting resulted from a dispute as to the money wagered in the game. Playing cards for money is an illegal act in violation of the Illinois Criminal Code (Ill. Rev. Stat. 1977, ch. 38, par. 28—1). Therefore, the Claimant's injury was substantially attributable to his wrongful act.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.