(No. 82-CV-0796

*In re* APPLICATION OF MABLE TIGNER.

*Opinion filed September 24, 1982.*

*Supplemental opinion filed July 9, 1984.*

MONICA HYMAN BULLOCK, and LAUREN B. SIMON, of Legal Assistance Foundation of Chicago, for Claimant.

TYRONE C. FAHNER and NEIL F. HARTIGAN, Attorneys General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on September 6, 1981. Mable Tigner, mother of the deceased victim, Willie Tigner, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 21, 1981, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Willie Tigner, age 22, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: voluntary manslaughter. Ill. Rev. Stat. 1979, ch. 38, par. 9—2.

2. That on September 6, 1981, the victim was shot by an unknown offender during an attempted robbery

of the victim's motor bike. The incident occurred as the victim and several friends were walking through a playground at 1847 West Lake Street, Chicago, Illinois, where they encountered the offender, who was armed with a gun. The offender demanded that the victim relinquish his motor bike, and when the victim refused, a struggle ensued during which the offender produced his gun and shot the victim. The victim was pronounced dead at Cook County Hospital.

3. That the Claimant seeks compensation for funeral expenses and loss of support for herself.

4. That the Claimant incurred funeral and burial expenses as a result of the victim's death in the amount of $1,983.00.

5. That pursuant to section 2(h) of the Act, loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or death, or on $750.00 per month, whichever is less.

6. That the victim was not employed during the six months immediately preceding the date of the incident out of which this claim arose. The victim had been receiving monthly Social Security benefits during the six months prior to the incident. However, Social Security benefits do not constitute earnings of the victim upon which to base loss of support as required by section 2(h) of the Act.

In addition, the Claimant currently receives cash assistance from the Illinois Department of Public Aid, and has received such assistance since the date of the incident.

7. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims (except in

the case of an applicant 65 years of age or older), and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal Medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

8. That the Claimant has not received any reimbursements as a result of the victim's death that can be counted as applicable deductions.

9. That the Claimant is entitled to an award based on the following.

| Paid funeral expenses | $1,983.00 |
| Less $200.00 deductible | − 200.00 |
| Total | $1,783.00 |

It is hereby ordered that the sum of $1,783.00 (one thousand seven hundred eighty-three dollars) be and is hereby awarded to Mable Tigner, mother of Willie Tigner, an innocent victim of a violent crime.

## SUPPLEMENTAL OPINION

POCH, J.

This claim arises out of an incident that occurred on September 6, 1981. Claimant seeks compensation pursuant to the provisions of the Illinois Crime Victims Compensation Act; hereafter referred to as the "Act." Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

On September 24, 1982, Claimant was awarded the sum of $1,783.00 (one thousand seven hundred eighty three dollars) for funeral expenses, but was denied compensation for the loss of support on the basis that the deceased, Willie Tigner, was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore Claimant suffered no loss of earnings compensable under section 2(h) of the Act.

Pursuant to section 9 of the Act, Claimant moved for a hearing.

The hearing was conducted by Commissioner Robert E. Cronin on September 13, 1983, where the following was established by stipulation and other documentary proof:

1. That Willie Tigner, age 22, was a victim of a violent crime as defined in section 2(c) of the Act, to-wit: voluntary manslaughter. Ill. Rev. Stat., ch. 38, par. 9—2.

2. That on September 6, 1981, the victim was shot by an unknown offender during an attempted robbery of the victim's motor bike. The offender demanded that the victim relinquish his motor bike; when the victim refused, a struggle ensued during which the offender shot the victim. The victim was pronounced dead at the Cook County Hospital.

3. That the Claimant seeks compensation for funeral expenses and loss of support.

4. That the deceased, Willie Tigner, was not employed during the six months immediately preceding the date of the incident. The victim had been receiving monthly Social Security benefits during the six months prior to the incident.

The sole issue in this case is whether Social Security benefits constitute earnings which may form the basis of an award for loss of earnings within the meaning of section 2(h) of the Act.

Section 2(h) of the Act, in pertinent part provides as follows:

". . . Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or death or on $750.00 per month, whichever is less . . ."

It is clear from section 2(h) of the Act that as a condition to the right of a Claimant to recover for loss of support in the case of death, the loss of support must be established, and it must further be established that the victim had some earnings during the six-month period preceding his death. It will be noted that the statute provides that loss of support "shall be determined" on the basis of the victim's average monthly earnings for that period.

The record is clear that the deceased had been unemployed for six months preceding his death. Claimant argues that the deceased was the recipient of Social Security benefits during said period, and that the Social Security benefits were "earnings" within the meaning of the Act.

This court has uniformly held that the word "earnings" is something earned as compensation for labor or the use of capital. (*In re Cooper*, 32 Ill. Ct. Cl. 400; *In re Chandler*, 32 Ill. Ct. Cl. 1084; *In re Smith*, No. 83-CV-0312, opinion 5-8-84). Social Security benefits cannot be considered as "earnings" within the meaning of the Act. The Act specifically states that the amount of any award for loss of support be determined solely upon

the basis of the victim's "earnings" for the six months preceding his death, and since Willie Tigner did not have earnings within that six-month period, the request for loss of support will be denied.

It is hereby ordered that the claim of Mable Tigner for compensation for loss of support be and the same is denied, and that the award to Mable Tigner, on September 24, 1982, in the sum of $1,783.00 (one thousand seven hundred eighty three dollars) for funeral expenses remain in full force and effect.