(No. 83-CV-0312-)

*In re* APPLICATION OF DANIEL SMITH.

*Opinion filed May 8, 1984.*

LEGAL ASSISTANCE FOUNDATION OF CHICAGO (LAUREN B. SIMON, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident which occurred on August 25, 1981. Claimant seeks compensation pursuant to the provisions of the Illinois Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

On February 4, 1983, this Court entered an order finding that the Claimant was injured as a result of a shooting on August 25, 1981, and was the innocent victim of a violent crime but was denied an award on the basis that the medical/hospital expenses were less than $200.00 and on the basis that Claimant was not employed for the six months immediately preceding the date of the incident out of which this case arose and therefore suffered no loss of earnings compensable under section 2(h) of the Act. Ill. Rev. Stat. 1977, ch. 70, par. 72(h).

Claimant's claim for loss of earnings is based on unemployment compensation insurance payments made to him within six months prior to the date of the injury.

The sole issue in this case is whether Claimant's receipt of payments under the Illinois unemployment insurance program constitutes earnings which may form the basis of an award for loss of earnings within the meaning of section 2(h) of the Act. This Court has previously ruled that public aid benefits are charity and not earnings as contemplated by the Act. (*In re Chandler* (1978), 32 Ill. Ct. Cl. 1084; *In re Cooper* (1978), 32 Ill. Ct. Cl. 400.) The question of whether· unemployment compensation payments qualify as such earnings is one of first impression in this Court.

Claimant argues forcefully that the unemployment insurance program established by the United States

Congress in Title III of the Social Security Act (42 U.S.C. 501 *et seq.*) and implemented in Illinois through the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1983, ch. 48, par. 300 *et seq.*), were enacted to lighten the economic burden of involuntary unemployment through a compensation insurance program which provides for setting aside of reserves during periods of employment to be used to pay benefits during periods of unemployment. Thus, Claimant argues, the unemployment compensation payments are related to and measured by the worker's former employment, and are for services rendered, satisfying the requirements of "earnings" under the Act.

To further buttress his argument, Claimant cites 42 U.S.C. sec. 1104 to the effect that money paid for unemployment insurance must be kept in a trust fund and payments to workers are made out of that fund and not from the State's general budget, thus distinguishing these payments from public welfare programs. Unemployment compensation payments are therefore tied to the former employment, and not upon need, and thus the employment compensation payments are not charity. Furthermore, unemployment compensation payments are taxable as income. 26 U.S.C. sec. 85.

Respondent argues that the courts have consistently refused to classify unemployment benefits as earnings, citing *National Labor Relations Board v. Marshall Field & Co.*, (7th Circ. 1942) 129 F.2d 169, 171, *aff'd.* 318 U.S. 253, which stated the unemployment benefits were not earnings. See also *National Labor Relations Board v. Gullett Gin Co.* (1951), 341 U.S. 361; *National Labor Relations Board v. Brashear Freight Lines, Inc.* (7th Circ. 1942), 127 F.2d 198; *Johnson v. Williams* (1945), 235 Ia.

688, 17 N.W.2d 406; and *United Benefit Life Insurance Co. v. Zwan* (1940), 143 S.W.2d 977.

The Act, in pertinent part provides as follows:

"2(h) . . . Loss of earnings, loss of future earnings and loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less . . ."

In the opinion of the Court, unemployment compensation payments are not earnings within the meaning of sec. 2(h). As the Supreme Court of the U.S. said (in a different context) in *National Labor Relations Board v. Marshall Field & Co., supra:*

Only by distorting the English language could we say that unemployment benefits are "earnings". The word "earnings" denotes an "economic good to which a person becomes entitled for rendering economic service".

The Supreme Court reasoning is applicable here.

Unemployment compensation payments are, of course, income. They are taxed as income. But income and earnings are *not* synonymous. It is significant that the Act, when using the word "income" uses the same only in conjunction with the word "work". Thus section 2(h) talks of future earnings being reduced by "income from *substitute work* actually performed by the victim or by income he would have earned in available appropriate *substitute work* he was capable of performing." (Emphasis added.)

Even more important, the Act required determination of lost earnings "on the basis of the victim's average net monthly earnings *for the six months immediately preceding the date of the injury* . . ." (Emphasis added.)

Thus, even if, *arguendo*, unemployment compensation payments were to be considered as earnings, and Claimant's arguments were to be wholly accepted, the unemployment compensation payments would have been

earned prior to the six months immediately preceding the date of the injury, part of which earnings were set aside in an insurance fund to be paid during the period of unemployment. Thus, the payments were made within the six-month period but they were earned prior to the six-month period. Hence, payments of "insurance benefits" would not qualify as earnings during the statutory six-month period.

For the above reasons, this claim will be denied.