(No. 95-CV-2974—

*In re* APPLICATION OF CHERANNZETTA STAGGER and ROSETTA JOHNSON

*Order filed May 6, 1996.*
*Opinion filed March 3, 1999.*

CHERANNZETTA STAGGER and ROSETTA THOMPSON (JOSEPH YOUNGS, of counsel), for Claimants.

JIM RYAN, Attorney General (PAUL H. CHO and DONALD C. MCLAUGHLIN, JR., Assistant Attorneys General, of counsel), for Respondent.

## ORDER

Per Curiam.

This claim arises out of an incident that occurred on March 12, 1995. Cherannzetta Stagger, mother of Ashley Cherrell Johnson, minor child of the deceased victim, Andre Lamont Johnson, and Rosetta Johnson, mother of the deceased victim, seek compensation pursuant to the provisions of the Crime Victims Compensation Act. 740 ILCS 45/1 *et seq*.

This Court has carefully considered the applications for benefits submitted on April 14, 1995, and May 2, 1995, respectively, on the form prescribed by the Attorney General and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on March 12, 1995, the victim was fatally shot, allegedly by an offender who was known to him. The incident occurred at 11919 South Wallace, Chicago, Illinois. Police investigation revealed that prior to the incident the victim and the alleged offender were playing a dice game when, for unknown reasons, the alleged offender produced a handgun and shot the victim. The alleged offender then fled the scene and has not been apprehended.

2. That section 10.1 of the Act indicates factors used to determine entitlement to compensation. Specifically, section 10.1(d) of the Act states that an award shall be reduced or denied according to the extent to which the victim's acts or conduct provoked or contributed to his injury or death, or to the extent to which any prior criminal conviction or conduct of the victim may have directly or indirectly contributed to the injury or death of the victim.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his involvement in a dice game for money prior to his being shot. Playing dice for money is an illegal act in violation of section 28—1 of the Criminal Code. 720 ILCS 5/28—1.

4. That the victim's conduct contributed to his death to such an extent as to warrant that the Claimant be denied entitlement to compensation.

5. That this claim does not meet a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be and is hereby denied.

## OPINION

JANN, J.

This cause involves claims for benefits under the Crime Victims Compensation Act (740 ILCS 45/1 et seq.), hereinafter "the Act." Ms. Stagger is the mother of Ashley Cherrell Johnson and Andre Johnson, the decedent, was her father. Rosetta Johnson is the mother of Mr. Johnson. The claims were denied and Claimants were granted a hearing before Commissioner Dillard. Claimants were represented by counsel and testified at hearing.

The claims were denied because the decedent was involved in an illegal dice or "craps" game just prior to being shot by another player. Claimants argued that, because the victim did not have more than an eighth grade education, he could not understand that he was involved in an illegal activity when he was shooting craps. The statute in question, section 28—1 of the Criminal Code (720 ILCS 5/28—1) does not pose that requirement. Also, a 22-year old with an eighth grade education can

comprehend many things, and the record does not support the self-serving statements by Claimants as to decedent's inability to carry out daily activities independently. The testimony of both Claimants indicates decedent was able to do simple shopping and go on dates. Decedent apparently attended high school but did not graduate. Claimants' attorney, Mr. Moll, in his request for a hearing, argued that we should distinguish the playing of games from other criminal activity in that games do not "rise to a level which can in any way provoke another to attack and kill another person." No case law supports this contention. There is no evidence directly refuting decedent's participation in the illegal game.

In *James Kizer v. State* (1982), 35 Ill. Ct. Cl. 533, individuals were involved in an illegal card game, playing for money. In *Kizer*, evidence indicated that a dispute arose when one player sought a return of money from another player. There was a dispute and one of the players shot Kizer. The claim was denied because he had not met a required condition precedent by engaging in illegal activity. ·

The information in the crime victims' application forms indicate that Claimants are claiming they received money from decedent based upon sums he collected from SSI and SSA. Pursuant to *Mable Tigner v. State* (1984), 37 Ill. Ct. Cl. 437, these sums are not considered earnings for purposes of making an award under the Act. Claimants provided no proofs at hearing indicating loss of support from sources independent of decedent's disability benefits.

Claimants provided no proof of payment of funeral expenses other than their statements at hearing. No expenses were claimed in the application for benefits.

Based upon decedent's culpability in illegal acts immediately preceding his death and Claimants' failure to

prove compensable pecuniary losses, these claims are denied and dismissed with prejudice.