## THE HARTFORD FIRE INSURANCE COMPANY
### *v.*
## NANCY WILCOX.

1. INSURANCE—*verbal contract binding on the company.* A verbal contract to insure, based upon a sufficient consideration, and made by a party having an insurable interest in the property, with an agent having the requisite authority to bind his principal by such contract, may be legal and binding upon the insurance company.

2. AGENT—*when authority is conferred by writing, how his powers are to be ascertained.* It is a general rule, that where an agency is created and conferred by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and can not be enlarged by parol evidence of the usage of other agents in like cases, or of an intention to confer additional powers; because that would be to contradict or vary the terms of the written instrument.

3. But the doctrine in each case must be understood with the qualifications and limitations properly belonging to it, and the usages of a particular trade or business, or of a particular class of agents, are properly admissible, not for the purpose of enlarging the powers of the agents employed therein, but for the purpose of interpreting those powers which are actually given; for the means ordinarily used to execute the authority are included in the power, and may be resorted to by all agents, and especially commercial agents.

4. SAME—*enlargement of written authority—when shown by parol.* Although in general, the maxim is true, that where an express power is conferred by writing, it can not be enlarged by parol evidence—or an authority be implied where there exists an express one—yet the maxim is applicable only to cases where the whole authority grows solely out of the writing, and the parol evidence applies to the same subject matter at the same point of time, and therefore, in effect, seeks to contradict, vary or control the effect of the writing. Where parol evidence seeks to establish a subsequent enlargement of the original authority, or to give an authority for another object, or where the express power is engrafted on an existing agency, affecting it only *sub modo* to a limited extent, the maxim loses its force and application.

5. SAME—*where written authority of, is enlarged by the declarations and conduct of his principal.* And where there was a written authority to the agent, but the principal by his declarations and conduct has authorized the conclusion that he had in fact given more extensive powers to the agent than were conferred by the writing, then as to all persons dealing with such agent upon the faith of such apparent authority, the principal will be bound to the extent of such apparent authority.

6. SAME—*authority in writing—must be proved.* If the authority of the agent is in writing, the *writing* must be *produced* and proved.

7. SAME—*authority conferred on two or more—all must concur in its exercise.* It is a general rule of the common law, that where an authority is given to two or more persons to do an act, the act is valid to bind the principal, only when all of them concur in doing it; for the authority is construed strictly and the power is understood to be joint and not several.

8. And where a commission vests power in two, without words of survivorship, and one of them dies, unless there is a subsequent recognition by the principal of the survivor as agent, his acts will not bind the principal.

APPEAL from the Circuit Court of Marshall county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Messrs. BANGS & SHAW, for the appellants.

Messrs. BURNS & BARNES, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was an action of assumpsit, upon a verbal contract to insure the building of plaintiff.

Upon trial on issues of fact, a verdict was rendered against the defendants, on whose behalf. a motion for a new trial was made, which was overruled by the court and exception taken. Judgment having been given upon the verdict, the case was brought to this court by appeal. The bill of exceptions embodies all the evidence, as well as the proper exceptions.

The errors principally relied on are : First, that no valid contract was shown ; second, the court erred in excluding competent evidence offered by appellants.

As to the first point, it seems to be well settled by the authorities, that a verbal contract to insure, based upon a sufficient consideration, and made by a party having an insurable interest in property, with an agent having the requisite authority to bind his principal by such contract, may be legal and binding upon the insurance company. *Commercial Ins. Co.* v. *Union Mutual · Ins. Co.* 19 How. (U. S.) 318 ; *Hamilton* v. *Lycoming Ins. Co.* 5 Barr, 339 ; *City of Davenport* v *Peoria Ins. Co.* 17 Iowa, 276 ; *Bragdon* v. *Appleton Ins. Co.* 42 Me. 259 ; *Andrews* v. *Essex Ins. Co.* 3 Mason, 6 ; *McCullough* v. *Eagle Ins. Co.* 1 Pick. 278 ; *Palm* v. *Medina Ins. Co.* 20 Ohio, 529 ; *Trustees Baptist Church* v. *Brooklyn Fire Ins. Co.* 19 N. Y. 305 ; *Audubon* v. *The Excelsior Ins. Co.* 27 N. Y. 216.

The conversations out of which it is claimed the contract arises, occurred at the insurance office of one Green, at Lacon, Marshall county, Illinois, between Levi Wilcox, the son and acting on behalf of the plaintiff, and one Howard, in the absence of any other person claimed to be a representative of the defendants. The plaintiff's counsel did not seem to regard

Howard's authority to bind the defendants of much importance; for the only evidence he introduced tending to show that he had any power to bind the company by such a contract, was the mere fact that he was at the time in Green's office, and no evidence was given by him that even Green was the agent of the defendants. The plaintiff's counsel having rested his case upon this slight evidence of authority in Howard, the defendants' counsel regarding it, perhaps, as some evidence, introduced Howard as a witness, who testified, that at the time in question he was a clerk in the insurance office of Green & Black, at Lacon. But Black had previously died. Being shown a commission issued by defendant, under its corporate seal to Green & Black, bearing date Aug. 3d, 1865, the witness identified and proved the same, and testified that this commission was the only authority under which they acted; that they had no authority to issue policies except according to the commission, and none outside of it.

The commission was then offered in evidence by the defendants' counsel; but upon general objection by plaintiff's counsel, the court ruled that it was not admissible in evidence, to which ruling exception was taken.

The commission offered is preserved in the bill of exceptions, and we find upon inspection of it, that it runs to Edward Green and J. Lincoln Black jointly, reciting that, reposing special trust and confidence in their ability and fidelity, they are, by authority of the board of directors, thereby appointed *agent* of the Hartford Fire Insurance Company, for Lacon, (Ill.,) and its vicinity, with power to fix rates of premium, receive moneys and to countersign, issue and renew policies of insurance and to give leave (when they should deem it proper,) to transfer policies, on behalf of said company, subject to the rules of the office, etc.

The power of attorney contains no words of survivorship.

It is a general rule, that where the agency is created and conferred by a written instrument, the nature and extent of the authority must be ascertained from the instrument itself, and

can not be enlarged by parol evidence of the usage of other agents in like cases, or of an intention to confer additional powers; because that would be to contradict or vary the terms of the written instrument. In connection with this doctrine, it is often stated that an implied authority can not, in general, arise where there is an express authority in writing; for the maxim is, *expressum facit cessare tacitum.* Story on Ag. sec. 76 and note (1).

But the doctrine in each case, says that author, must be understood with the qualifications and limitations properly belonging to it. One of those qualifications is, that the usages of a particular trade or business, or of a particular class of agents, are properly admissible, not, indeed, for the purpose of enlarging the powers of the agents employed therein, but for the purpose of interpreting those powers which are actually given ; for the means ordinarily used to execute the authority, are included in the power, and may be resorted to by all agents, and especially commercial agents. Story on Ag. sec. 77.

In the next place, he says, although in general, the maxim is true, that where an express power is conferred by writing, it can not be enlarged by parol evidence, yet the maxim is applicable only to cases where the whole authority grows solely out of the writing, and the parol evidence applies to the same subject matter, at the same point of time, and therefore in effect, seeks to contradict or vary or control the effect of the writing. When parol evidence seeks to establish a subsequent enlargement of the original authority, or to give an authority for another object; or where the express power is engrafted on an existing agency, affecting it only *sub modo* to a limited extent, the maxim loses its force and application. Ibid. 79.

Another qualification is, where there was a written authority to the agent, but the principal, by his declarations and conduct, has authorized the conclusion that he had in fact given more extensive powers to the agent than were conferred by the writing; then, as to all persons dealing with such agent, upon the

faith of such apparent authority, the principal will be bound to the extent of such apparent authority.

Subject to these reasonable qualifications and limitations, the doctrine is unquestionably true that an express written authority can not be enlarged by parol evidence, or an authority be implied where there exists an express one. Story on Ag. sec. 83.

It is laid down in 2 Greenlf. Ev., sec. 63, that, "If the authority of the agent is in writing, the *writing* must be *produced* and proved."

If it be conceded that the plaintiff had introduced *some* evidence of Howard's authority in the premises, or sufficient to submit to the jury, still, it will not be pretended that the defendants were not at liberty, by legitimate testimony, to destroy the force of this slight evidence by showing that in reality Howard had no authority or appearance of authority at all, to bind the defendants by such a contract. The first step in that direction was to show that he was a mere clerk under Green, and the only authority which the latter had was derived from a joint commission to Green & Black, and Black had died. Such being the state of the case, and in the absence of any evidence of recognition of Green's agency by the company, the only other competent evidence as to the question of power in the sub-agent, was the writing itself, which the court excluded, and the jury must have found their verdict upon the assumption, without evidence, that Howard was authorized to bind the defendants by the contract sued on. And if the commission which vests the power in two, without words of survivorship had been admitted in evidence, and it had appeared that one of them, Black, had died and this transaction had occurred before there was any subsequent recognition by the company of Green as the agent, then neither Green, nor, of course, his sub-agent, could have bound the defendants. "It is a general rule of the common law, that where an authority is given to two or more persons to do an act, the act is valid to bind the principal only when all of them concur in doing it; for the authority is construed strictly, and the power is understood to

be joint and not several." Story on Ag., sec. 42, and cases cited in note 2.

By the commission, Green & Black were appointed *agent,* and authorized to fix rates of premium, countersign, issue and renew policies. Under this authority, Green could not fix the rates of premium, countersign, issue or renew policies alone. If not, could he by any incidental or implied authority, make a verbal contract, as sole agent, to insure? If he could not, could a sub-agent acting only under him, and having no authority but such as was derived from that commission, make such a contract? ·

It is perfectly obvious, that, under the facts testified to by Howard, and not disputed, if the commission had been admitted in evidence, the plaintiff could establish a right of recovery only by the introduction of parol evidence, falling within some of the recognized qualifications to the general rule as to the effect to be given to a written authority, as above indicated in this opinion.

The evidence fails to sustain the verdict, and the court erred in overruling the motion for a new trial, and in excluding the commission and regulations referred to in it from the evidence; for which errors the judgment must be reversed and the cause remanded.

*Judgment reversed.*