### ELLEN M. McDONALD, Exrx.

#### v.

### MARY A. DANAHY.

*Opinion filed April 16, 1902.*

1. EVIDENCE—*when statements are not inadmissible as tending to contradict written assignment.* In an action by a principal to recover from the estate of her agent the value of shares of stock appropriated by him, the fact that the certificates bear assignments to the agent, duly signed by the principal, does not preclude evidence of admissions made by him tending to prove that the stock was the principal's property which he had appropriated to his own use without her consent, where there is no evidence that he paid anything for the stock or that it was a gift to him.

2. SAME—*what proper evidence on question of value of shares of stock.* In an action by a principal to recover the value of shares of stock appropriated by her agent, if the stock has no ascertainable market value it is proper to admit evidence as to the value of the property of the corporation above its indebtedness, as tending to fix the value of the stock.

*McDonald* v. *Danahy,* 96 Ill. App. 380, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

CHARLES WHEATON, for appellant.

J. J. O'CONNOR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This litigation had its origin in the county court of Kane county, in which court Mary A. Danahy, the appellee, filed her claim against the estate of her brother,

Dan Danahy, for $7000, $4500 of which was for money, and the balance (of $2500) was for a certificate of twenty-five shares of the capital stock of the Aurora Cotton Mills, a corporation,—all alleged to have been the property of the claimant and to have been appropriated by said Dan Danahy, in his lifetime, to his own use. No part of the claim was allowed by the county court, but on appeal to the circuit court the claim to the extent of $2500 for the certificate of stock was allowed and judgment was entered accordingly. The Appellate Court has affirmed the judgment and settled in favor of appellee all controverted questions of fact.

The evidence tended to prove that appellee had in bank upwards of $27,000 and owned fifty shares of the capital stock of said cotton mills, of the face value of $5000, and that she gave to Dan Danahy a power of attorney, among other things, to sell, transfer and assign any notes, bonds or stocks and to use all moneys belonging to her as he might deem best, and that she authorized the bank to pay all checks signed in her name by Dan Danahy. But as there is no further contention except as to the judgment for the value of the twenty-five shares of the stock, the rest of the claim need not be further adverted to.

The evidence showed that Dan Danahy pledged the twenty-five shares to secure the payment of his note for $1500 given for borrowed money, and that the shares were sold, under the pledge, for the payment of this amount and the interest and expenses,—that is, for $1771.25. On the back of the certificate of shares there was an assignment of the stock to Dan Danahy duly signed by the appellee. There was no evidence of the purpose of this assignment, aside from the assignment itself, other than the statements made by Danahy himself, which tended to prove that the stock was the property of appellee and that he had appropriated it to his own use without her knowledge. He also had in his possession the certificate

of the other twenty-five shares, but there is no contention that those shares belonged to him. No transfer of the certificates appeared on the books of the corporation. But on this branch of the case it is sufficient to say that the evidence in the record is sufficient to sustain the judgment.

It is, however, contended by appellant that the court erred in admitting evidence tending to prove the conversion of this stock by Danahy to his own use because such evidence contradicted the assignment. We do not agree to this view. He was her agent. There was no evidence that he ever paid anything for the stock or that it was a gift to him, and the evidence was proper as tending to prove that he had appropriated it to his own use or was indebted to her for it. It was not admitted as bearing upon the legal effect of the assignment or to contradict or vary its terms, but only as showing that he was liable for its value.

Nor did the court err, as contended by appellant, in admitting evidence as to the value of the property of the corporation above its indebtedness, as tending to fix the value of the stock. It appeared that the stock had no ascertainable market value, and it became necessary to prove its value by the next best evidence. By ascertaining the value of the assets of the company and the amount of its liabilities and the dividends paid, the value of its capital stock could be determined with reasonable certainty. Appellee was entitled to its value, and was not limited to the amount realized at the sale by the pledgee long after her brother appropriated it. She did not sue for the proceeds of the sale by the pledgee, but for the value of her stock.

There was no error in the instruction. The judgment must be affirmed.          *Judgment affirmed.*