(No. 83-CV-0262—)

*In re* APPLICATION OF DELBERT DAVIS.

*Order filed October 20, 1982.*
*Order filed November 19, 1982.*
*Opinion filed April 6, 1984.*
*Opinion filed January 21, 1986.*

BRUCE D. WELLMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

Roe, C.J.

This cause coming on to be heard on the petition of Delbert Davis for an extension of time to file documents to claim benefits under the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat., ch. 70, par. 71 *et seq.*

The Court hereby finds:

1. Section 6.1 of the Act provides in pertinent part that a person is entitled to compensation under the Act if:

"(a) within 6 months of the occurrence of the crime he files a notice of intent to file a claim with the Attorney General and within one year of the occurrence of the crime upon which the claim is based, he files an application, under oath with the Court of Claims. . . . Upon good cause shown, the Court of Claims may extend the time for filing the notice of intent to file a claim and application for a period not exceeding one year;"

2. The crime was alleged to have occurred on August 5, 1978.

3. The notice of intent was filed on August 30, 1980.

4. The application was filed on September 20, 1982.

5. The petition at bar was filed on September 20, 1982.

6. Pursuant to the section of the Act quoted above we have authority only to extend the filing time for a period not to exceed February 25, 1980, for the notice of intent and August 25, 1980, for the application.

7. We are therefore constrained by operation of law to deny this petition.

Wherefore, it is hereby ordered that this petition be, and hereby is, denied.

## ORDER

ROE, C.J.

This cause coming on to be heard on the Court's own motion and the Court being fully advised in the premises;

It is hereby ordered that the order entered in this cause on October 20, 1982, be, and hereby is, vacated; it is further ordered that applicant's petition for an extension of time to file documents to claim benefits under the Act be, and hereby is, granted.

## OPINION

POCH, J.

This claim arises out of an incident that occurred on August 25, 1978. Delbert Davis, husband of the deceased victim, Clifty Davis, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on September 20, 1982, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Clifty Davis, age 43, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on August 25, 1978, the victim was abducted during the course of an armed robbery of The Other Place Tavern that she and her husband operated. The victim's body was found in her car several hours later. The coroner found that the victim's death resulted from a fractured skull and multiple gunshot wounds to the head. The offender was apprehended and convicted of murder. A second offender was convicted of a lesser charge.

3. That the Claimant seeks compensation for funeral and burial expenses and for loss of support for himself and the victim's children, Theresa, age 13, Debbie, age 16, and Tom, age 8.

4. That the Claimant incurred funeral and burial expenses in the amount of $4,649.75, of which $2,000.00 is compensable under the Act.

5. That the Claimant has not submitted any evidence before the Court to substantiate the fact that he and the victim's children were dependent upon the victim for support.

6. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act, (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousands dollars) of life insurance paid or payable to the Claimant.

7. That the Claimant has received no reimbursements as a result of the victim's death that can be counted as applicable deductions.

8. That the Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

9. That the Claimant is entitled to the maximum statutory award of $2,000.00 for funeral and burial expenses.

10. That the Claimant, having not submitted the necessary evidence needed to support his claim for loss of support, has not met a required condition precedent for compensation under that provision of the Act.

It is hereby ordered that the sum of $2,000.00 (two thousand dollars) be and is hereby awarded to Delbert Davis, husband of Clifty Davis, an innocent victim of a violent crime.

## OPINION

Montana, J.

This claim is before the Court on review of the opinion rendered on April 6, 1984. In said opinion the Claimant, Delbert Davis, was granted an award pursuant to the Crime Victims Compensation Act, hereinafter referred to as the Act, of $2,000.00 for funeral expenses incurred due to the death of the crime victim, his wife, Clifty Davis. The opinion denied the Claimant's request for loss of support for himself and the couple's minor children due to his failure to submit the necessary evidence needed to substantiate the alleged loss of support. The Claimant thereafter requested that a hearing be held concerning the claim for loss of support.

The request was granted and a hearing was held before a commissioner on September 13, 1984. Both parties have filed briefs and the commissioner has filed his report. The matter is now before the Court for a decision.

On August 25, 1978, Clifty Davis was abducted during the course of an armed robbery at The Other Place Tavern. The Other Place Tavern was a restaurant/tavern owned and operated by the Claimant and the victim. The victim's body was found in her car several hours later. The coroner found that the victim's death resulted from a fractured skull and multiple gunshot wounds to the head. The two offenders were subsequently apprehended. One offender was convicted of murder and the other of a lesser charge.

The documentation submitted in support of the Claimant's application for benefits showed that the Claimant had incurred funeral and burial expenses in the amount of $4,649.75. Section 2(h) of the Act provides, in part, that Claimants may recover for "Funeral and burial expenses to a maximum of $2,000.00." Claimant was, pursuant to this Court's opinion of April 6, 1984, awarded the maximum available amount for funeral and burial expenses, $2,000.00.

The tax return for the year of 1978 submitted by the Claimant relevant to his claim of loss of support for himself and the couple's minor children showed that the business owned by the victim and Claimant had sustained a loss in 1978 and reported no other source of earned income. Since the victim had no earnings during the six months prior to the crime, the claim for loss of support was denied pursuant to section 4 of the Act.

Subsequent to the April 6, 1984, opinion the Claimant provided information which showed that the victim had earned $56.00 during the six months preceding the crime. The State has agreed that Claimant is, therefore, entitled to a sum of $1,909.65 under the Act for loss of support based on applicable provisions of the Act.

The sole question remaining is whether or not the accounting computations as made by Mr. Gerald Medlar, an accountant residing in Oregon, Illinois, should be given consideration to reflect a greater profit margin earned by the victim during the six months preceding the crime. The accountant's analysis of the tax returns and monthly profit-and-loss statements of the business for the years prior to and subsequent to the incident resulting in the death of Mrs. Davis, revealed that said returns and statements did not follow generally accepted accounting practices and that certain items of expenditures were written off as ordinary expenses instead of allocating the same to real or personal capital assets, whereby they could have been depreciated in the normal fashion. Claimant and his accountant maintain that the net result of the improper accounting method was to understate profits, and now propose to correct the alleged error in order to support the claim before the Court. There is no evidence that amended income tax returns were filed reflecting the correct accounting procedure.

This Court has found that a Claimant has the burden of proving dependency and the income of the decedent by a preponderance of the evidence. (*In re Application of Sole* (1976), 31 Ill. Ct. Cl. 713, 715.) As a general rule in Illinois, the party seeking to recover damages has the burden of establishing both the fact

that he has been injured and a reasonable basis for determining the money value of those injuries. (*Ashe v. Sunshine Broadcasting Corp.* (1980), 90 Ill. App. 3d 97, 101, 412 N.E.2d 1142, 1145; *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 677, 356 N.E.2d 565, 573.) Further, damages may not be awarded on the basis of conjecture or speculation. *Alover Distributors, Inc. v. Kroger Co.* (1975), 513 F.2d 1137, 1141; *Schoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36.

It is the opinion of this Court that the evidence does not support Claimant's allegation that the maximum award for loss of support under the Act should be awarded in this claim. To make such an award the Court would have to engage in speculation since there is no way for the Court to determine the exact amount of business profit that was reinvested by the victim that would have, in the future, been used to support her dependents. We do find, however, that the Claimant is entitled pursuant to the stipulation made by Respondent at the time of the hearing and reaffirmed in the brief filed herein by the Respondent, to an award for loss of support in the amount of $1,909.65.

Wherefore, it is hereby ordered that Delbert Davis, be and hereby is awarded for the loss of support incurred by him and his children, the sum of $1,909.65.