(No. 82-CV-1012-

*In re* APPLICATION OF ALICIA LOPEZ.

*Opinion filed May 26, 1987.*

SAMUEL EPSTEIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (ALLISON BRES-LAUER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim arises out of a violent crime that occurred on November 25, 1981, as a result of which Jose A. Lopez was killed. The claim is brought by Alicia Lopez, widow of the victim, seeking compensation pursuant to the provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act.

On November 21, 1985, Claimant and Respondent stipulated at a hearing that Claimant is entitled to $2,000.00, the maximum amount of compensation available, for her paid funeral expenses.

The question at issue here is whether Claimant is entitled to an award of crime victims compensation for loss of support.

The record shows that during the six months immediately preceding the date of the incident for which compensation is sought, the decedent owned an apartment building in which he rented apartments to tenants. This was the only work decedent was engaged in at the time of his death. Claimant received the total rental income after the death of decedent, as she and decedent had prior to his death, until she sold the building in April of 1982.

Respondent contends Claimant is entitled to a $2,000.00 maximum award for funeral and burial expenses which she incurred and paid subsequent to the

crime. Respondent further contends Claimant is not entitled to an award of compensation for loss of support as she did not sustain an actual pecuniary loss of support as a result of the incident.

The Court has adopted the ordinary and common definition of the word earnings which is, "something earned as compensation for labor or the use of capital." (See *In re Application of Chandler* (1978), 76-CV-878.) The only earnings of decedent during the six months immediately preceding the date of his death came from rents paid to him and his wife from tenants in the apartment building they owned.

After her husband's death, Mrs. Lopez testified at a hearing that she continued to receive the rental income until she sold the building. Upon the sale of the building, she received the amount she agreed to accept. Therefore, Respondent contends, Claimant has not sustained a pecuniary loss compensable under the Act.

The general rule in Illinois is that the party seeking to recover damages has the burden of establishing both the fact that he has been injured and a reasonable basis for determining the money value of those injuries. (*Ashe v. Sunshine Broadcasting Corp.* (1980), 90 Ill. App. 3d 97, 101, 412 N.E.2d 1142,, 1145; *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 677, 356 N.E.2d 565, 573.) (Although the present case is not a typical "damage" case, an award under the Crime Victims Compensation Act is analogous.) Further, damages may not be awarded on the basis of conjecture or speculation. *Alover Distributors, Inc. v. Kroger Co.* (1975), 513 F.2d 1137, 1141; *Shoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36.

To follow the line of reasoning by Claimant, the Court would have to engage in speculation as to whether or not the Lopez' would have kept the building or sold it for a greater amount. This Court has held that only actual out-of-pocket losses which it has defined as "losses which can be proven with a reasonable degree of certainty" are compensable under the Act. See *In re Application of Reyes* (1979), 35 Ill. Ct. Cl. 498, 503.

Claimant, in her brief, argues that her husband would have been paid $10,400.00 during the six months immediately preceding the date of the crime. Such an estimate is highly speculative and doubtful given the fact that Claimant's tax return for the tax year 1981 shows repair expenses on the apartment building in the amount of only $1,995.72. Claimant also states she had to hire persons to perform the repair and maintenance tasks her husband had performed. Replacement services lost was not a compensable item under the Act at the time of the incident and, therefore, cannot be considered for compensation since the law in effect on the date of the injury is applicable to crime victims cases. (See *Village of Wilsonville v. S.C.A. Services, Inc.* (1981), 86 Ill. 2d 1, 426 N.E.2d 824.) Further, in order to compensate for replacement services lost, evidence must be presented to show the actual amount Claimant spent for the replacement services.

It is the Court's opinion that Claimant is entitled to an award of $2,000.00 for funeral expenses she incurred and paid as the result of the violent crime committed against her husband. Claimant is not entitled to an award for loss of support as she sustained no pecuniary loss as the result of her husband's death since she continued to receive the rental income subsequent to his death. The Court calls attention to the fact that no actual figures

upon which an award could be based have been presented to the Court.

The Court hereby enters an award in favor of Claimant in the amount of $2,000.00 for funeral expenses and denies the remainder of her claim.