(No. 87-CV-0547—■)

CHARLES W. ATWELL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed September 30, 1987.*

*Order filed November 19, 1990.*

*Order filed March 22, 1991.*

CHARLES W. ATWELL, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (JAMES A. TYSON, JR., Assistant Attorney General, of counsel), for Respondent.

ORDER

POCH, J.

This claim arises out of an incident that occurred on May 23, 1986. Charles W. Atwell, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act (Ill. Rev. Stat. 1985, ch. 70, par. 71, *et seq.*).

This Court has carefully considered the application for benefits submitted on November 6, 1986, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Charles W. Atwell, age 65, was a victim of a violent crime as defined in section 72(c) of the Act, to wit: Aggravated Battery (Ill. Rev. Stat. 1985, ch. 38, par. 12—4).

2. That on May 23, 1986, the Claimant was beaten by an offender who was not known to him. The incident occurred in a restaurant located at 1600 East Eldorado, Decatur, Illinois. Police investigation revealed that while in the restaurant, the offender became involved in a fight with one of his companions. After being advised to leave by the manager, the offender started an argument with the Claimant. During this argument, the offender hit the Claimant with his fists several times. The Claimant was transported to Decatur Memorial Hospital for treatment of his injuries. The offender has been apprehended, prosecuted and convicted of aggravated battery.

3. That the Claimant seeks compensation for medical/hospital expenses only.

4. That section 72(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

5. That the Claimant was not employed for the six months immediately preceding the date of the incident out of which this claim arose and therefore suffered no loss of earnings compensable under section 72(h) of the Act.

6. That the Claimant has submitted medical/hospital expenses in the amount of $11,906.25, $11,368.37 of which was paid by the Medicare and $537.88 of which was written off as a Medicare adjustment by the hospital, leaving no balance due from the Claimant.

7. That pursuant to section 80.1(e) of the Act, this Court must deduct from all claims the amount of benefits, payments or awards payable under the Workers Compensation Act, Dram Shop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (Twenty-Five Thousand Dollars) of life insurance that would inure to the benefit of the applicant.

8. That the Claimant has received no reimbursements that can be counted as applicable deductions.

9. That section 80.1(a) of the Act states that an applicant may be compensated for his pecuniary loss.

10. That the Claimant has not sustained a pecuniary loss at this time as a result of this incident.

11. That the Claimant has indicated that he may incur additional medical/hospital expenses in the future as a result of the incident. Should the Claimant incur these expenses, he may petition the Court to reopen consideration of his claim, pursuant to section 86 of the Act.

12. That this claim does not meet a required condition precedent for compensation under the Act at this time.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER

MONTANA, C.J.

This claim is for compensation under the Crime Victims Compensation Act (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*), hereinafter referred to as the Act. The claim arises out of an incident that occurred on May 23, 1986 in Decatur, Illinois. On that date Claimant suffered injuries when he was beaten by a person who was subsequently apprehended, prosecuted and convicted of aggravated battery.

Claimant filed this claim on November 6, 1986. On September 30, 1987, this Court entered an order denying the claim because Claimant had no reimbursable medical expenses and had suffered no loss of earnings compensable under section 2(h) of the Act. Section 2(h) provides that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of injury or $750.00 per month, whichever is less. The Court found

that Claimant had not been employed for the six months immediately preceding the date of the incident out of which the claim arose, so therefore had no compensable loss of earnings under the Act.

Claimant thereafter petitioned the Court for a hearing which was granted pursuant to section 13.1(a)(3) of the Act. The claim was called for trial on March 26, 1990. Claimant did not appear. However, at the request of Commissioner Robert Frederick Claimant had earlier filed with the Court a letter dated September 18, 1989 along with his proof of his claim. Commissioner Frederick has submitted his report based on the information submitted by Claimant.

There is no question that Claimant was the victim of a violent crime. The issue before the Court is whether Claimant has presented evidence substantiating that he had earnings during the six months prior to the crime which may form the basis for an award for loss of earnings.

The record indicates that the Claimant borrowed about $6,000.00 to start the Mid-American Bait Company in June of 1985. He had patented a packaging process which allowed him to package nightcrawlers for retail sale in containers that do not have to be refrigerated, but will keep the bait alive for a year or more. Claimant planned to package nightcrawlers using his patented process and deliver them to various accounts. He had acquired an inventory of 180,000 nightcrawlers when the crime occurred. As a result of the injuries suffered during the crime Claimant was in intensive care for eleven days at Decatur Memorial Hospital and then transferred to Danville's Veteran's Hospital. When he was discharged he was unable to walk and he remains housebound. During his hospitali-

zation all of the nightcrawlers died. He claimed the 180,000 nightcrawlers would have sold for $2.00 per dozen, so his loss was $30,000.

The Court of Claims has adopted the ordinary and common definition of the word "earnings" which is something earned as compensation for labor or the use of capital. (See *In re Application of Chandler* (1978), 32 Ill. Ct. Cl. 1085.) In determining whether a Claimant has proven loss of earnings this Court stated in *In re Application of Lopez* (1987), 39 Ill. Ct. Cl. 315 at 317:

"The general rule in Illinois is that the party seeking to recover damages has the burden of establishing both the fact that he has been injured and a reasonable basis for determining the money value of those injuries. (*Ashe v. Sunshine Broadcasting Corp.* (1980), 90 Ill. App. 3d 97, 101, 412 N.E.2d 1142, 1145; *Brewer v. Custom Builders Corp.* (1976), 42 Ill. App. 3d 668, 677, 356 N.E.2d 565, 573.) (Although the present case is not a typical 'damage' case, an award under the Crime Victims Compensation Act is analogous.) Further, damages may not be awarded on the basis of conjecture or speculation. *Alover Distributors, Inc. v. Kroger Co.* (1975), 513 F.2d 1137, 1141; *Shoeneweis v. Herrin* (1982), 110 Ill. App. 3d 800, 443 N.E.2d 36."

We find that Claimant has failed to prove he had earnings during the six months preceding the crime upon which the Court could base an award for loss of earnings. To follow the reasoning of Claimant, the Court would have to engage in speculation as to whether or not the Claimant would have actually been able to sell the nightcrawlers at the price he states. No evidence has been presented showing Claimant had any earnings from the bait business or from any other source during the six months preceeding the crime.

Based on the foregoing, it is hereby ordered that this claim be, and is, denied.

## ORDER

MONTANA, C.J.

On September 30, 1987 this claim, under the Crime Victims Compensation Act, was denied. On October 26,

1987, Claimant requested a hearing. Thereafter occurred a series of pretrial conferences and scheduled hearing dates at which Claimant failed to appear. Finally the claim was called for trial on March 26, 1990, and Claimant again did not appear. Commissioner Frederick submitted a report based upon information previously requested from and submitted by Claimant. The Court adopted the report and entered an order denying the claim on November 19, 1990 because Claimant's request for lost earnings based upon alleged lost sales of night crawlers was far too speculative.

On December 19, 1990 Claimant filed a statement with the court as follows:

"To Whom This May Concern, I requested a hearing on this case and wish to appeal. Also a legal adviser to replace Mr. Frederich. (*sic*)"

Claimant was given his right to a hearing under the Crime Victims Compensation Act. (Ill. Rev. Stat. 1985, ch. 70, par. 71 *et seq.*). Unfortunately, he failed to appear and the Commissioner submitted a thorough report based upon the record before him which report we adopted. Nothing has been submitted which would constitute any grounds for us to reconsider our order of November 19, 1990. Accordingly, Claimant's request for a rehearing is denied as is his request to replace Commissioner Frederick.