(No. 85-CV-0829—

*In re* APPLICATION OF DONNA LUFAY GILLIARD BARRETT

*Opinion filed March 13, 1996.*
*Order filed August 29, 1996.*

DONNA LUFAY GILLIARD BARRETT, *pro se*, for Claimant.

JIM RYAN, Attorney General (PAUL H. CHO, Assistant Attorney General, of counsel), for Respondent.

318

## OPINION

FREDERICK, J.

The Claimant, Donna Lufay Gilliard, filed her application for benefits pursuant to the Crime Victims Compensation Act, hereinafter referred to as the "Act," on March 4, 1985. This claim arises out of an incident that occurred on December 24, 1984. Donna Lufay Gilliard is the wife of the deceased victim.

On November 21, 1985, the Court rendered an opinion based on the investigatory report which denied the claim. The basis for the denial of the claim was that the Claimant had not sustained a pecuniary loss as defined by the Act. The Claimant made a timely request for a hearing on November 29, 1985. A hearing was held in this matter on July 9, 1991.

The Claimant seeks compensation for loss of support. The Commissioner reports, and the transcript of the trial supports the finding, that Claimant is not seeking compensation for funeral expenses.

There is no question that Timothy Dion Gilliard was the victim of a violent crime. There is also no question that the Claimant and deceased victim were married at the time of death. The evidence indicates that the deceased victim was supporting the Claimant. The sole issue before the Court is whether or not the deceased victim had any earnings in the six-month period prior to December 24, 1984, the date of the crime. The investigatory report indicates that the deceased victim had no earnings for the entire period of 1984. However, he did

receive $230 per week disability from his employer, Ford Motor Company. The evidence at trial indicates that Claimant had earnings of $208.01 in the six-month period before his death. The Respondent's position is that the disability payments are in the nature of accident insurance through the employer and should be deducted from earnings in determining compensable loss under the Act. The Claimant's position is that the $230 per week disability payments from Ford Motor Company were payments that helped support her family.

The Claimant has the burden of proof to prove by a preponderance of the evidence that she has met all conditions precedent to substantiate an award under the Act. (*In re Application of Lope* (1987), 39 Ill. Ct. Cl. 315; *In re Application of Bavido* (1992), 44 Ill. Ct. Cl. 449.) Compensation under the Act is a secondary source of compensation. The purpose of the Act is to aid innocent victims of crime in stated ways where aid is forthcoming from no other source. When aid is forthcoming from another source, the taxpayers have no statutory obligation to the victim. *In re Application of Lavorini* (1989), 42 Ill. Ct. Cl. 390.

This is a claim for loss of support. A dependent of a victim may be compensated for loss of support pursuant to section 10.1(b) of the Crime Victims Compensation Act. (740 ILCS 45/10.1.) The maximum award in this case could be $15,000. As used in the Act, dependent means a relative of a deceased victim who was wholly or partially dependent upon the victim's income at the time of his death. (740 ILCS 45/2.) The Act also provides in section 2(b) that loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of injury or $750 per month, whichever is less.

The Court has adopted the ordinary and common definition of "earnings" for purposes of applying the

Crime Victims Compensation Act, which is something earned as compensation for labor or the use of capital. (*In re Application of Atwell* (1991), 43 Ill. Ct. Cl. 453.) This Court has held that, in determining loss of support for purposes of an award under the Act, that Social Security benefits received by the victim did not constitute earnings upon which to base loss of support since "earnings" have uniformly been defined to be compensation for labor or the use of capital. *In re Application of Tigner* (1984), 37 Ill. Ct. Cl. 437.

We find, therefore, that the disability payments received by the deceased victim during the six-month period prior to his death were not earnings as defined in the Act. The $230 per week disability payments may not be included to establish a condition precedent to an award under the Act. However, the inquiry does not end there. There is uncontradicted evidence in the record that Timothy Dion Gilliard earned a total of $208.01 in the six-month period prior to his death. This computes to an average net monthly earning for the six months immediately preceding the date of injury of $34.67 per month. The deceased victim was born on November 7, 1955. The incident occurred on December 24, 1984.

Based on the foregoing, we find that Claimant has met all conditions precedent for an award under the Act based on the pecuniary loss as stated herein. It is appropriate that the Attorney General compute the loss based on the life expectancy of the decedent and use the figure of $34.67 per month for the earnings for the six-month period immediately preceding the date of injury. All other required statutory deductions must also be determined.

Therefore, it is ordered that the Attorney General shall compute the loss based on the findings of his opinion and file a supplemental investigatory report and proposed

order with the Court within 45 days of the date of this opinion.

## ORDER

FREDERICK, J.

The parties to this proceeding have entered into a stipulation whereby the Attorney General's office has recommended that the sum of $14,800 be paid to the Claimant, Donna Lufay Gilliard for loss of support suffered as a result of the incident.

Wherefore, it is hereby ordered that the sum of $14,800 be made payable to the Claimant for loss of support for herself arising out of an incident in which Timothy D. Gilliard was a victim of a violent crime. In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

It is further ordered that this case be closed.