## WHEATLEY, BUCK & CO.

*v.*

## THE CHICAGO TRUST AND SAVINGS BANK.

*Filed at Ottawa April 3, 1897—Rehearing denied October 8, 1897.*

1. PRACTICE—*effect of obtaining continuance after case is placed on short cause calendar—waiver.* One who obtains continuances after his case has been placed upon the short cause calendar, thereby waives the objections that the affidavit placing it on the calendar was not sufficient and that the cause was not at issue, as required by the rules of the court.

2. SAME—*effect of filing additional count after case is placed on short cause calendar.* Where a cause is at issue when placed upon the short cause calendar, the filing of an additional count, after many continuances at the instance of both parties, does not operate to take the cause from the calendar.

3. APPEALS AND ERRORS—*when objection that judgment exceeds the ad damnum will not be heard on appeal.* An objection that the judgment given on notes exceeds the *ad damnum* cannot be first urged on appeal, where the error arises from oversight in not amending the *ad damnum* after the adding, by agreement, of a new count declaring on another note.

4. PLEADING—*in action by corporation the declaration need not aver corporate existence.* In an action by a corporation in its corporate name the declaration need not aver its corporate existence, nor is proof of that fact required in the absence of a plea of *nul tiel corporation.*

*Wheatley, Buck & Co.* v. *Chicago, etc. Bank,* 64 Ill. App. 612, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. G. EWING, Judge, presiding.

When begun, on July 28, 1893, this was a suit by appellee against appellant, as indorser of two promissory notes, for $1050 and $525, respectively. Subsequently, and on December 2, 1895, it was stipulated by counsel for the respective parties that an additional count to the declaration might be filed counting upon appellant's liability as indorser and guarantor of another note for $1000, the same as if said note had become due prior to the

beginning of the suit, and an additional count was filed charging the appellant as guarantor of said note. The three notes so declared upon were as follows:

"$1050.00.                    CHICAGO, ILL., *June 10, 1893.*
"Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. one thousand and fifty and no/100 dollars, payable at C. T. & S. Bank. Value received.
                                    JOHN B. SKINNER."

Indorsed: "Wheatley, Buck & Co."

"$525.00.                     CHICAGO, ILL., *June 13, 1893.*
"Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. five hundred twenty-five and no/100 dollars, payable at C. T. & S. Bank. Value received.
                                    JOHN B. SKINNER."

Indorsed: "Wheatley, Buck & Co."

"$1000.00.                                *June 30, 1893.*
"Thirty days after date I promise to pay to the order of Wheatley, Buck & Co. one thousand dollars, payable at C. T. & S. Bank, Chicago.                JOHN B. SKINNER."

This note was also indorsed by Wheatley, Buck & Co., as follows: "For value received................hereby guarantee the payment of the within note at maturity, or any time thereafter; and to further secure the payment of the same, hereby authorize any attorney to appear in any court of record, at any time hereafter, and confess a judgment, without process, in favor of the holder for the amount of said note, with interest at seven per cent per annum, costs and ten per cent attorney's fees, hereby waiving and releasing all error, and ratifying all said attorney may do by virtue hereof, and consenting to immediate execution."

Before the count upon the last described note was filed, the cause had been placed upon the short cause calendar, but owing to numerous continuances, for various reasons, it was not actually called for trial until the 6th of January, 1896, when, by agreement of parties that day made in open court, the cause was submitted to the court

without a jury, and judgment was rendered in favor of the plaintiff for $2896.87. From said judgment an appeal was taken to the Appellate Court, and from the judgment of affirmance there this appeal is prosecuted.

JOSIAH BURNHAM, for appellant:

A rule of court requiring cases to be at issue before they can be placed on the short cause calendar is the law of the court, of the case and of the parties. *Railroad Co.* v. *Haskins*, 115 Ill. 300; *Owen* v. *Ranstead*, 22 id. 161; *Beveridge* v. *Hewitt*, 8 Ill. App. 467.

It is error to try a case and render judgment before the case is at issue, without entering a default. *Crabtree* v. *Green*, 36 Ill. 278; *Piercy* v. *People*, 10 Ill. App. 219.

Pleadings must show the christian names of the parties, and failure to prosecute suit in the proper names of parties is fatal. *Day* v. *Cushman*, 1 Scam. 475; *Schmidt* v. *Thomas*, 33 Ill. App. 109; *McCreedy* v. *Vanneman*, 3 N. J. L. 435; *Burns* v. *Hall*, id. 539; *Elberson* v. *Richards*, 42 id. 69; *Revis* v. *Lamme*, 2 Mo. 207; 1 Chitty's Pl. 256.

JOHN G. HENDERSON, (MOSES, PAM & KENNEDY, of counsel,) for appellee:

It is not enough to make vague and indefinite objections in the court below, hoping thus to save an objection, and at the same time not apprise the court or counsel of the error so that it may be amended. *Utter* v. *Jaffray*, 15 Ill. App. 238.

It is not necessary for a declaration to set out that the plaintiff is a corporation, organized and doing business. *Legnard* v. *Crane Co.* 54 Ill. App. 149.

It is even unnecessary to use the words "a corporation," after the corporate name. *Legnard* v. *Crane Co.* 54 Ill. App. 149; *Cement Co.* v. *Noble*, 15 Fed. Rep. 502, and cases cited; *Morris* v. *Trustees*, 15 Ill. 266.

A party desiring to have a case stricken from a short cause calendar, for any reason, must move promptly.

*Vallens* v. *Hopkins*, 51 Ill. App. 337; *Johnston* v. *Brown*, id. 549; *Treftz* v. *Stahl*, 46 id. 462; *Prall* v. *Hunt*, 41 id. 140.

Mr. JUSTICE BAKER delivered the opinion of the court:

Appellant raises several objections to the validity of the judgment rendered by the Superior Court.

*First*—It is contended that the trial court erred in overruling appellant's motion to strike the case from the short cause calendar, in conformity with a rule of that court to the effect that "no cause shall be noticed for trial until the same is at issue." Said motion was based upon two grounds: the one, that the issues were not made up before the case was placed upon the calendar; and the other, that the affidavit for placing it there was insufficient. After the cause was placed upon the short cause calendar there were numerous continuances, some at the instance of appellant, and any objection that might have been made to the affidavit was thereby waived. The cause was at issue when placed on the calendar, but after many of the continuances the additional count to the declaration was filed. This did not have the effect of taking the cause from the calendar, and at the December term, 1895, it was again continued on motion of appellant, which was a recognition that it was properly on the calendar. The supposed objection was waived.

*Second*—It is objected that the declaration did not allege that the plaintiff was a corporation. The objection was raised at the close of the plaintiff's case, and an appropriate amendment was at once made. But there is another answer to this objection. An averment that plaintiff was a corporation was not necessary, nor was proof of the fact required unless the existence of the corporation was challenged by a plea of *nul tiel corporation*. (*McIntire* v. *Preston*, 5 Gilm. 48; *Morris* v. *Trustees of Schools*, 15 Ill. 266.) The declaration began: "The Chicago Trust and Savings Bank, plaintiff in this suit, by John G. Henderson, its attorney," etc. The plaintiff's name could not

be taken to be that of a natural person, and implying, as its name does, that it is a legal entity, it must have been that of a corporation.

*Third*—It is assigned for error that incompetent evidence was admitted in behalf of the plaintiff. Counsel says that this assignment of error has reference to the testimony of the witness Tolman. But what questions or what answers were improper he does not point out. Said witness was produced for the purpose of proving the insolvency of Skinner, the maker of the notes. He was a competent witness for that purpose, and his testimony, being uncontradicted, was sufficient to prove that fact and that a suit against Skinner would have been unavailing. But one objection was made to any question propounded to the witness, which was, that it called for a conclusion. The objection was not well taken.

*Fourth*—Objection is made because the judgment exceeds the *ad damnum*. The *ad damnum* when the suit was begun was laid at $2500, and was not increased when the additional count upon the last described note was filed, hence the judgment exceeds the *ad damnum* by nearly $400. This, indeed, was error. But the error cannot now be taken advantage of. The objection must be considered as waived by reason of its not having been made in the trial court. Had that court's attention been called to the matter the objection could readily have been obviated. (*Metropolitan Accident Ass.* v. *Froiland,* 161 Ill. 30; *Utter* v. *Jaffray,* 114 id. 470.) Counsel, on the contrary, made no mention of the error in either the motion for a new trial or the motion in arrest of judgment.

There is no reversible error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*