DARWIN CO., Plaintiff-Appellant, *v.* MARLA SWEENEY, Defendant-Appellee.

Fourth District   No. 4—82—0115

Opinion filed November 15, 1982.

Alan W. Appelbee, of Jacksonville, for appellant.

William S. Schildman, of Jacksonville, for appellee.

JUSTICE LONDRIGAN delivered the opinion of the court:

The plaintiff sued defendant to recover the cost of repair work that plaintiff performed on defendant's home. At the close of plaintiff's evidence, defendant moved for a directed verdict on the ground that plaintiff had not established its corporate existence. The motion was granted and plaintiff appeals from this ruling. We reverse and remand.

The plaintiff is a home improvement contractor in Jacksonville. Plaintiff entered into a contract with defendant for repair of the overhang and installation of new gutters on her home. The work was subsequently completed, but according to defendant, it did not solve the problem that was the reason for the work. She therefore refused to

pay plaintiff any part of the contract price of $2,114.68.

Plaintiff filed a small claims complaint in the Morgan County circuit court. In the complaint, plaintiff was referred to as "A CORP." At the bench trial, plaintiff's only witnesses were defendant, called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60), and Gary Steward, who was formerly employed by plaintiff as a general foreman. Both witnesses testified about the circumstances surrounding the execution of the contract and the manner in which the work was completed.

At the conclusion of plaintiff's evidence, defendant moved for a directed verdict on the ground that plaintiff had not established its corporate existence. The case was continued for a hearing on the motion.

Plaintiff moved that defendant's motion be denied, or, in the alternative, that it be allowed to reopen its case to establish its corporate existence. The court later granted defendant's motion and dismissed the case. As the basis for its ruling, the court held that "[d]efendant's plea of *nul tiel* corporation may be taken as specifically pleaded under Supreme Court Rule 286 [87 Ill. 2d R. 286] and *** Plaintiff offered no evidence of Plaintiff's corporate existence in the presentation of its case to the Court."

Supreme Court Rule 286 provides in pertinent part:

> "If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded." 87 Ill. 2d R. 286.

Defendant maintains that her appearance constituted a plea of *nul tiel* corporation by virtue of Supreme Court Rule 286, which eliminates the need for written pleadings in small claims cases unless such pleadings are specifically ordered by the court. Therefore, since a plea of *nul tiel* corporation requires a corporate litigant to prove its corporate existence and its corollary right to sue in its corporate name, defendant asserts that plaintiff was obliged to establish its corporate existence in its case in chief. Since plaintiff presented no evidence of its corporate existence prior to defendant's motion to dismiss, the court, in defendant's opinion, acted properly in dismissing the suit.

The plaintiff, on the other hand, contends that dismissal of its suit was improper because a plea of *nul tiel* corporation should not be implied under Supreme Court Rule 286. Plaintiff contends that such a plea is properly asserted either as an affirmative defense or as a ground for involuntary dismissal of a suit pursuant to section 2—

619(a)(2) of the Code of Civil Procedure. Ill. Rev. Stat. 1981, ch. 110, par. 2—619(a)(2).

■ An understanding of the nature and history of the plea of *nul tiel* corporation is essential to a resolution of the issue presented in this case. The plea of *nul tiel* corporation denies the existence of an alleged corporation. (Black's Law Dictionary 964 (5th ed. 1979).) When this plea is entered, a corporate plaintiff must prove its corporate existence. (*Ramsey v. Peoria Marine & Fire Insurance Co.* (1870), 55 Ill. 311.) Obversely, a corporate litigant need not allege or prove its corporate existence in the absence of a plea of *nul tiel* corporation. *Wheatley, Buck & Co. v. Chicago Trust & Savings Bank* (1897), 167 Ill. 480, 47 N.E. 711.

In days past, when all corporations owed their existence to special legislative charters, the entry of a plea of *nul tiel* corporation was used for determining whether a litigant claiming to be a corporation was indeed a legally constituted corporation and whether it thus possessed the power to bring lawsuits in its own name. With the advent of general corporation statutes, which confer certain corporate powers, such as the right to sue and be sued in the corporate name, on all corporations which fulfill certain statutory requirements (see Ill. Rev. Stat. 1981, ch. 32, par. 157.5(b)), the efficacy of the plea of *nul tiel* corporation as a useful litigation tool has, however, virtually disappeared and it has become an anachronism.

■ The purpose of the small claim rules (87 Ill. 2d Rules 281 through 289) is to provide an expeditious, simplified, and inexpensive procedure for the litigation of disputes involving small amounts. (*Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 342 N.E.2d 261.) Other practice rules, as well as the provisions of the Code of Civil Procedure, are applicable to small claims proceedings if consistent with the aims of the small claims rules. (*Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 392 N.E.2d 1107.) In our view, section 2—613(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—613(d)) meets the *Roberson* test and is thus applicable to small claims proceedings of the type involved here. Section 2—613(d) provides in pertinent part: "[A]ny ground or defense, whether affirmative or not, which, if not expressly stated in the pleading, would be likely to take the opposite party by surprise, must be plainly set forth in the answer or reply." The clear purpose of section 2—613(d) is to facilitate the decision of cases on their merits, and to eliminate the harsh consequences which often stemmed from unfair surprise at trial prior to enactment of modern rules of procedure. Since Supreme Court Rule 286 (87 Ill. 2d R. 286) eliminates the need for

written pleadings in small claims cases, compliance with the letter of section 2—613(d) of the Code of Civil Procedure is obviously impossible in such cases. This does not, however, mean that compliance with the spirit of section 2—613(d) is impossible in small claims cases.

In the case at bar, the defendant's assertion of the infrequently used plea of *nul tiel* corporation obviously took plaintiff by surprise. If we were to hold that the burden was on plaintiff to produce evidence of its corporate existence simply because defendant was not obligated to assert its defense of *nul tiel* corporation by means of a formal, written plea, we would in effect allow defendant to prevail because she asserted an obscure defense at trial which plaintiff could not reasonably have been expected to anticipate and counter in its case in chief. Such a result would be diametrically contrary to the policy underlying section 2—613(d) of the Code of Civil Procedure. Since such outcomes are contrary to public policy in cases where large monetary amounts are at stake, it follows that they are even more repugnant to the considerations which led to the promulgation of the small claims rules, which were designed to allow *pro se* litigants to obtain resolution of disputes in a quick, simple, and informal manner, unbridled by the technicalities and legal niceties which normally obtain in court proceedings.

In a situation such as the one present here, where the defense raised by defendant takes plaintiff by surprise and plaintiff has the burden of proof, the trial court should allow plaintiff to reopen his case and present evidence relevant to that question. We remand the cause with directions that the trial continue, and that plaintiff then be afforded an opportunity to establish its corporate existence.

Reversed and remanded with directions.

WEBBER and MILLS, JJ., concur.