ROBERT L. NICOLAI, Plaintiff-Appellant, *v.* RICHARD I. MASON *et al.,* Defendants-Appellees.

Fifth District   No. 82—482

Opinion filed September 13, 1983.—Rehearing denied October 14, 1983.

Robert L. Nicolai, of St. Louis, Missouri, for appellant, *pro se.*

No brief filed for appellees.

JUSTICE KARNS delivered the opinion of the court:

Robert Nicolai, plaintiff, appeals from a judgment of the circuit court of Madison County finding in favor of Richard and Bernice Mason, defendants, on plaintiff's small-claim complaint. While defendants have not filed a brief in this court, we find that the errors claimed are such that we can address them without aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.

Defendants opened a charge account at Schermer's Men's Shop in Granite City, Illinois, on October 13, 1975. A collection ledger from the store shows that the balance on the account was $291.10 as of January 30, 1977, and that no further purchases were made on the account after that time. The accumulation of interest charges made the balance due on the account rise to $727.91 as of April 30, 1982. On February 8, 1982, plaintiff purchased the account from Schermer's. When attempts at collecting on the account proved unsuccessful, plaintiff brought the instant action. Testifying on his own behalf, defendant Richard Mason admitted that he owed $291.10 to Schermer's as of January 30, 1977, and further testified that all of these purchases had occurred so long ago that he could not understand how he could be sued on them now.

In a written order filed on May 11, 1983, the court entered judgment in favor of defendants, finding that "although the defendant Richard Mason had made a written application for credit, there was no evidence adduced that each of the purchases in question was made pursuant to a written contract." Accordingly, the court concluded that, since all of defendants' purchases at Schermer's were made more than five years prior to the commencement of suit, the instant action was barred by the five-year statute of limitations applicable to oral contracts. Ill. Rev. Stat. 1981, ch. 83, par. 16, current version at Ill. Rev. Stat. 1981, ch. 110, par. 13—205.

■ On appeal, plaintiff initially contends that defendants did not properly raise the defense of the statute of limitations in the trial court. We disagree. While plaintiff cites *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 391 N.E.2d 177, for the proposition that the statute of limitations must be raised as an affirmative defense in either an answer or motion to dismiss (72 Ill. App. 3d 527, 531-32, 391 N.E.2d 177, 180-81), it has been specifically held that a defendant in a small-claim case may raise an affirmative defense at trial even if that defense has not been raised in the pleadings (*Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 411-12, 342 N.E.2d 261, 264). Such a rule recognizes that the goals of the rules governing small claims are designed to provide an expeditious and inexpensive method for resolving small-claims disputes, and that, under Supreme Court Rule 286 (87 Ill. 2d R. 286), a small-claims defendant is not required to file an answer at all unless ordered to do so by the court. (35 Ill. App. 3d 408, 412, 342 N.E.2d 261, 264.) Moreover, while plaintiff claims that defendants did not clearly raise the issue at trial, the report of proceedings certified by the trial court indicated that Richard Mason testified "that all this happened such a long time ago and he didn't understand how he

could be sued on it now." We believe that this testimony was sufficient to raise the defense of the statute of limitations. The purpose of statutes of limitations is to discourage the presentation of stale claims and to encourage diligence in the bringing of actions (*Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 128, 376 N.E.2d 273, 276), and Richard Mason's testimony sufficiently apprised both the plaintiff and the court that plaintiff had waited too long to sue. Accordingly, we conclude that the statute of limitations defense was properly raised by defendants in the trial court. We also reject plaintiff's claim that defendants did not establish that plaintiff's claim was barred by the statute of limitations, as the uncontroverted evidence showed that defendants last purchased clothing from Schermer's no later than in January of 1977.

Plaintiff next contends that defendant Richard Mason made a judicial admission at trial which served to revive the debt. There is nothing in the report of proceedings, however, from which it can be fairly inferred that plaintiff raised this issue in the trial court, and the issue has therefore been waived. (*Kravis v. Smith Marine Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) In any event, the issue is without merit, as Richard Mason's admission that the account was correct as of 1977 did not revive the debt absent an admission that the debt was still due (see *Quayle v. Guild* (1878), 91 Ill. 378, 386), and no such admission is contained within the record here.

Finally, plaintiff asserts that his equal protection and due process rights were abridged by the trial court's actions in deciding that plaintiff's claim was barred by the statute of limitations. As noted earlier, however, the record reflects that defendants adequately raised the issue of the statute of limitations in the trial court. We note additionally that plaintiff raised this issue in a motion to reconsider, and that the trial court, after hearing arguments of the parties, denied that motion. Since defendants' affirmative defense was adequately presented to the plaintiff and to the trial court, and since nothing in the record shows that plaintiff was denied the opportunity to present evidence tending to overcome that defense, we are compelled to conclude that plaintiff's due process and equal protection rights were not abridged by the trial court.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

JONES and KASSERMAN, JJ., concur.