MELISSA OBERNAUF, Plaintiff-Appellant, v. JOSEPHINE (HEUGH) HABERSTICH, Defendant-Appellee.

Second District   No. 2—85—0828

Opinion filed July 22, 1986.

Kenneth E. Mateas and Gerald Kepple, both of St. Charles, for appellant.

Alvin L. Catella, of St. Charles, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Plaintiff, Melissa Obernauf, brought a small claims action for breach of oral contract against her former co-lessee, Josephine (Heugh) Haberstich, based upon a mutual promise to divide apartment expenses equally until termination of the lease. After a bench trial, plaintiff's request for damages for back rent was denied by the court based upon plaintiff's failure to mitigate damages. She appeals, contending the trial judge exceeded the bounds of judicial propriety in

*sua sponte* raising an affirmative defense to plaintiff's complaint and allowing defendant to amend her pleadings to add the affirmative defense.

On August 10, 1984, plaintiff and defendant signed a lease for a one-bedroom apartment at a rental of $339 per month to end July 31, 1985. During the term of the leasehold, defendant owned a cat although pets were not permitted under the lease. Both parties had their boyfriends stay overnight occasionally. In February 1985, after paying half the February rent, defendant moved out of the apartment. On June 2, 1985, plaintiff vacated the apartment after the lessor agreed to cancel the lease for a fee.

Plaintiff brought this action in small claims court on July 11, 1985, seeking half the rental payments from March 1 through June 2, 1985, in the amount of $519.80, plus the lessor's relet fee of $169.50 and deductions from plaintiff's security deposit in the amount of $95, which plaintiff attributed to the negligence of defendant and her cat. Plaintiff testified she placed an advertisement in the local paper for two weeks in March attempting to sublease the apartment, but was unsuccessful. She also attempted to cancel the lease, but the lessor refused to do so until late May.

Defendant's sole affirmative defense was a defense of constructive eviction due to alleged cocaine and marijuana use by plaintiff. On cross-examination, defendant testified she was unable to recognize the drugs on sight and invoked her fifth amendment right against self-incrimination when asked if she had used drugs in the apartment. Plaintiff also invoked the fifth amendment privilege when examined on the same issue.

After both parties rested their cases, the trial judge questioned plaintiff as to the dates she advertised for a sublessee, the types of responses she received, and whether she had made attempts to rent the apartment or break the lease. Plaintiff testified she had made no further efforts to advertise for a sublessee and the court ruled for defendant on the issue of back-rent due, citing plaintiff's failure to mitigate damages. The court found for plaintiff on the issue of the security-deposit deductions, but then ruled that plaintiff's retention of $169.50 for defendant's portion of February's rent exceeded the $95 award for deductions and dismissed her complaint.

When plaintiff's attorney protested that defendant had failed to assert the affirmative defense of mitigation of damages, the trial judge offered defendant the opportunity to amend her pleadings to conform to the proof of the defense. Counsel for defendant so moved and the court granted the motion. Plaintiff's subsequent motion for

reconsideration was denied. This appeal followed.

■■ We first note that although plaintiff had a duty to see that the record on appeal is complete (*Altek, Inc. v. Vulcan Tube & Metals Co.* (1979), 79 Ill. App. 3d 226, 228, 398 N.E.2d 240, *appeal denied* (1980), 79 Ill. 2d 630; *Saint Joseph Hospital v. Downs* (1978), 63 Ill. App. 3d 742, 744, 380 N.E.2d 529), she failed to provide this reviewing court with a copy of the transcript of the proceedings below other than the hearing for plaintiff's motion for reconsideration. However, as the parties do not dispute the material facts involved here, we find that the transcript of the proceedings on plaintiff's post-trial motion and the balance of the record is sufficiently adequate to review the issues presented to this court. See *In re Estate of Cohen* (1983), 112 Ill. App. 3d 265, 269, 445 N.E.2d 391; *Woodfield Ford, Inc. v. Akins Ford Corp.* (1979), 77 Ill. App. 3d 343, 347, 395 N.E.2d 1131, *appeal denied* (1980), 79 Ill. 2d 630.

Plaintiff first contends the trial judge abused his discretion in examining plaintiff on the question of mitigation of damages, an affirmative defense not raised by defendant. Plaintiff calls to our attention the supreme court's guidelines laid down in *People v. Trefonas* (1956), 9 Ill. 2d 92, 136 N.E.2d 817, where it noted that although the extent to which a trial judge may examine witnesses is discretionary, he may not assume the role of an advocate. The court went on to add, "[w]hether it be a trial before jury or one where the jury is waived, the instances are rare and the conditions exceptional which will justify the presiding judge in conducting an extensive examination." 9 Ill. 2d 92, 100.

■■ More recently, trial judges have been granted somewhat more discretion in the examination of witnesses. A trial judge may question witnesses to elicit truth or to enlighten material issues that seem obscure. The scope of such examination depends on the individual circumstances of the case and rests largely in the court's discretion. (*People v. Palmer* (1963), 27 Ill. 2d 311, 314-15, 189 N.E.2d 265; *In re R.S.* (1983), 117 Ill. App. 3d 698, 704, 453 N.E.2d 139, *aff'd* (1984), 104 Ill. 2d 1, 470 N.E.2d 297; *People v. Costello* (1981), 95 Ill. App. 3d 680, 686, 420 N.E.2d 592.) Thus, witness examination by the trial judge has been regularly approved in bench trials, where there is a decreased risk of prejudice and inquiries are appropriate to the judge's role as a fact finder (*People v. Keller* (1984), 128 Ill. App. 3d 325, 328, 470 N.E.2d 1200; *Charles Selon & Associates, Inc. v. Estate of Aisenberg* (1981), 103 Ill. App. 3d 797, 800. 431 N.E.2d 1214; *People v. Costello* (1981), 95 Ill. App. 3d 680, 686, 420 N.E.2d 592), and in small claims actions, where the rules of evidence are applied less

strictly in order to further the goal of providing a simplified and expeditious procedure for litigation of small amounts (*Demeo v. Manville* (1979), 68 Ill. App. 3d 843, 846, 386 N.E.2d 917; *Ryan v. Bening* (1978), 66 Ill. App. 3d 127, 130, 383 N.E.2d 681).

■ In the present case, we are confronted with a small claims action where the trial judge, as fact finder, questioned plaintiff on her efforts to mitigate damages after she had already offered some testimony on those efforts. Although defendant did not address this issue in her testimony or cross-examination of plaintiff, this is not a necessary prerequisite to a court's examination of a witness. We find the trial judge's examination, which was designed to elicit additional testimony on an obscure matter, was a proper and effective means of clarifying the extent to which plaintiff made efforts to mitigate damages, a critical issue in any action of this kind. Therefore, the trial judge did not abuse his discretion in pursuing this line of questioning.

■ Plaintiff next argues the trial judge erred in offering defendant the right to amend her pleadings since it was the judge, not defendant, who raised plaintiff's failure to mitigate damages, as an affirmative defense. In support of this argument, plaintiff cites section 2—613 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—613(a)), which permits liberal pleading by parties, and argues this provision does not extend to defenses raised by the trial judge. However, plaintiff fails to cite any authority in support of this proposition.

As noted above, the purpose of small claims actions such as the present one is to "provide a simplified and inexpensive procedure for small claims (*Murray v. Cockburn* (1984), 124 Ill. App. 3d 724, 727, 464 N.E.2d 842; *Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 333, 442 N.E.2d 318.) For example, a defendant need not answer a complaint unless ordered to do so. The allegations of the complaint are simply considered denied and the defendant may prove any defense he has available at trial. Also, in accordance with this goal, the trial judge in a small-claims case is vested with a great deal of discretion in regard to handling of the pleadings. *Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 329, 392 N.E.2d 1107; *Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 412, 342 N.E.2d 261; 87 Ill. 2d R. 286.

■ In view of the clear directive to simplify the pleadings of small claims actions and plaintiff's failure to refer this court to any applicable cases supporting her argument, we hold the trial court did not err in allowing defendant to amend her pleadings to add the affirmative defense of failure to mitigate damages. This result fully

comports with the legislative intent "to avoid formality in small claims, and emphasize simplicity and celerity" (*Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 329, 392 N.E.2d 1107) and upholds the tradition of wide discretion customarily enjoyed by small claims courts.

Plaintiff also cites to *Foster v. Englewood Hospital Association* (1974), 19 Ill. App. 3d 1055, 1068, 313 N.E.2d 255, *appeal denied* (1984), 56 Ill. 2d 586, wherein the court stated that "new proof may not be submitted under the guise of an amendment to the pleadings." As it is quite clear that defendant did not attempt to introduce new evidence by this method, this citation does not aid plaintiff's position and we need not consider it further.

■ In her final argument, plaintiff asserts the judgment dismissing plaintiff's action was against the manifest weight of the evidence. Although the trial judge stated in his original judgment that the dismissal was based upon plaintiff's failure to mitigate damages, in denying plaintiff's motion for reconsideration he stated, "[t]he court determined that the plaintiff had substantially interfered with the Defendant's peaceful enjoyment of the premises jointly occupied by them." Plaintiff argues this finding, although never stated in the original judgment, was the basis of the court's decision and is not supported by the evidence.

However, it is clear from the court's statements immediately following the above quotation that the court's dismissal of the action based upon plaintiff's failure to mitigate damages, which plaintiff does not dispute, was amply supported by the evidence. Moreover, due to plaintiff's failure to submit a complete record of the proceedings below to this court, we are unable to determine whether the trial court actually made a finding that plaintiff had substantially interfered with defendant's peaceful enjoyment of the premises and the extent to which it was supported by the evidence adduced in the lower proceedings. In the absence of a complete record, we will assume the evidence heard by the trial court was sufficient to support its judgment. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 394, 459 N.E.2d 958; *Lakeland Property Owners Association v. Larson* (1984), 121 Ill. App. 3d 805, 808, 459 N.E.2d 1164, *appeal denied* (1984), 101 Ill. 2d 546.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

SCHNAKE and WOODWARD, JJ., concur.