HARMON INSURANCE AGENCY, INC., Plaintiff-Appellee, v. NANCY THORSON, Defendant-Appellant.

Third District   No. 3—91—0621

Opinion filed March 12, 1992.—Modified on denial of rehearing April 21, 1992.

John J. Crandall, of Palos Heights, for appellant.

Dennis Porick, of Dennis B. Porick, Ltd., of Joliet, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The plaintiff, Harmon Insurance Agency (Harmon), filed suit against the defendant, Nancy Thorson, an insurance broker. Harmon sought compensation for earned premiums due under certain insurance policies, less credits due Thorson. The trial court awarded the plaintiff $195.71. The defendant appeals.

The record shows that sometime during the last quarter of 1989, Thorson solicited various policies of insurance for two businesses known as "Partners" and "Pen and Print." Pursuant to an oral agreement with Harmon, Thorson was to receive 75% of the commissions earned on those policies. The remaining commissions were to be retained by Harmon. Harmon subsequently assigned its rights under the premium finance contract with Partners to the First National Bank of Blue Island.

On March 13, 1990, Harmon sent Thorson a letter indicating that earlier that day, the bank had informed Harmon that Partners had not made its February and March payments. The letter also indicated that the policies had been cancelled.

The bank demanded that Harmon reimburse it for earned premiums due on the policies issued to Partners. Harmon then filed a suit against Thorson seeking the amount of the earned premiums due on the policies, less commission credits due Thorson.

The trial court held that the losses should be apportioned as the gains were to be divided. Accordingly, the court ordered that Thorson was to pay Harmon 75% of the losses.

On appeal, Thorson raises two issues. First, she contends that the trial court should be reversed because Harmon's suit was barred by the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, par. 1 *et seq.*). Alternatively, she contends that Harmon should not be al-

lowed to recover because it failed to make reasonable efforts to avoid damages.

■ Section 2—613(d) of the Code of Civil Procedure requires that affirmative defenses, including the Statute of Frauds, must be plainly set forth in the answer. (Ill. Rev. Stat. 1989, ch. 110, par. 2—613(d).) Affirmative defenses raised for the first time in a motion for reconsideration are considered waived. (*Fister/Warren v. Basins, Inc.* (1991), 217 Ill. App. 3d 958, 578 N.E.2d 37; *Rahill Corp. v. Urbanski* (1984), 123 Ill. App. 3d 769, 463 N.E.2d 765.) Thorson argues that section 2—613(d) does not apply in the instant case because this is a small claims action. (See *Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 342 N.E.2d 264.) We disagree.

■ We recognize that the rules governing small claims actions are intended to provide an expeditious, simplified, and inexpensive procedure for handling small claims. (*Wroclawski v. Waszczyk* (1976), 35 Ill. App. 3d 408, 342 N.E.2d 264.) However, other practice rules, as well as the provisions of the Code of Civil Procedure, are applicable to small claims proceedings if consistent with the aims of the small claims rules. *Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318; *Peoria Housing Authority v. Roberson* (1979), 74 Ill. App. 3d 326, 392 N.E.2d 1107.

■ The clear purpose of section 2—613(d) is to facilitate the decision of cases on their merits and to eliminate the harsh consequences which often stemmed from unfair surprise at trial prior to enactment of the modern rules of procedure. (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318.) We note that Supreme Court Rule 286 (134 Ill. 2d R. 286) eliminates the need for written pleadings in small claims cases. As such, compliance with the letter of section 2—613(d) is unnecessary in such cases. (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318.) However, this does not mean that compliance with the spirit of section 2—613(d) is impossible in small claims. (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318.) Since the purpose of section 2—613(d) is consistent with the aims of the small claims rules, it is applicable to small claims proceedings. (*Darwin Co. v. Sweeney* (1982), 110 Ill. App. 3d 331, 442 N.E.2d 318.) By that we mean to say that a party, even though not being required to file a formal answer, must at least raise the defense prior to the conclusion of defendant's case in chief so that the plaintiff will have an opportunity for fair rebuttal.

■ In the instant case there is nothing in the record indicating that Thorson raised the Statute of Frauds defense prior to the con-

clusion of the trial. Although the Statute of Frauds was eventually raised in Thorson's motion for reconsideration, by then it was too late. To allow Thorson to raise affirmative defenses that were neither pled nor argued at trial and only raised in a motion to reconsider would result in unfair surprise, which would be abhorrent to the spirit of the small claims rules. Accordingly, we find that the Statute of Frauds defense was waived.

■■ We now turn our attention to Thorson's contention that Harmon should not be allowed to recover because it failed to make reasonable efforts to avoid damages. The thrust of Thorson's argument seems to be that Harmon should have cancelled the policies immediately upon the failure of Partners to make its February payment, rather than waiting until March.

A party injured by a breach of contract is required to use all reasonable means to minimize his damages. (*Ashe v. Sunshine Broadcasting Corp.* (1980), 90 Ill. App. 3d 97, 412 N.E.2d 1142.) The defendant has the burden of proving that the plaintiff failed to mitigate his damages. *Ashe v. Sunshine Broadcasting Corp.* (1980), 90 Ill. App. 3d 97, 412 N.E.2d 1142.

In the instant case, there is nothing in the record indicating that Harmon was aware of Partners' nonpayment until the middle of March. Further, the very day that Harmon was informed of the nonpayment, it took steps to cancel the policies. Even if the bank's February knowledge of nonpayment could be imputed to Harmon, it would not have been unreasonable for Harmon to wait until a second payment was missed before cancelling the policies. Accordingly, we find that Harmon made a reasonable effort to avoid damages.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

GORMAN and HAASE, JJ., concur.