NOTICE
Decision filed 07/22/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 190012-U

NO. 5-19-0012

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| DEREK D. MATHIS SR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 18-SC-3020 |
| | ) | |
| ALFRED D. CRAWFORD JR., | ) | Honorable |
| | ) | Thomas W. Chapman, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the judgment of the trial court's finding liability but reverse the trial court's award of damages where there was insufficient evidence to determine the value of Mathis's three dogs.

¶ 2    Derek Mathis Sr., plaintiff, sought damages in small claims court from his neighbor Alfred Crawford Jr., defendant, for the destruction of three dogs owned by Mathis and killed by dogs that were owned by Crawford. The circuit court of Madison County found in favor of Mathis and awarded damages in the amount of $5000.

¶ 3                                I. BACKGROUND

¶ 4    Mathis filed a "small claim complaint" on September 7, 2018, which alleged that Crawford's dogs killed three of Mathis's dogs at different times. One was a German Shepherd, one was a German Shepherd mix, and one was a German Shepherd puppy. Mathis claimed

1

damages in the amount of $10,000. Crawford filed an answer to the complaint, requesting a bench trial and including the statement: "Agree to disagree." The trial court conducted a trial on the merits on December 12, 2018. On December 12, 2018, the trial court entered judgment in favor of Mathis and against Crawford in the amount of $5000. On January 4, 2019, Crawford filed a notice of appeal. In his notice of appeal, Crawford requested that this court amend the trial court's award of damages to a lesser amount, specifically $500.

¶ 5    There was no court reporter present during the trial. A proposed bystander's report, completed pursuant to Illinois Supreme Court Rule 323(c) (eff. July 1, 2017), was submitted to the trial court and a hearing was held to certify the report on June 19, 2019. The trial court required that the bystander's report be amended. The defendant filed an amended bystander's report, which was prepared by appellate counsel and certified by the trial court on June 28, 2019.

¶ 6    The relevant portions of the bystander's report follow. Two witnesses testified, Mathis and Crawford. The trial court asked Mathis what he expected out of the trial. Mathis replied that he wanted Crawford to do something about his dogs. The trial court asked if Mathis wanted Crawford to keep his dogs in his yard. Mathis explained that he had three German Shepherds killed and he was tired of Crawford's dogs getting out and killing Mathis's dogs.

¶ 7    The testimony at trial indicated that 15 years prior, Crawford's dogs had killed Mathis's German Shepherd puppy. Crawford gave Mathis a pit bull puppy, which Mathis accepted. Between seven to eight years later, Crawford's dogs got out of their fence and killed Mathis's German Shepherd. Less than a year before trial, Crawford's dogs left the yard through a gap in the fence and killed another of Mathis's German Shepherds. Crawford explained that none of this would have happened if Mathis had taken care of his own dogs. Mathis used to have a kennel, but he tore it down. After that, Mathis allowed his dogs to run around the neighborhood.

2

Crawford testified that he often saw Mathis's dogs running around and that when he did, he would pick them up and return them to Mathis. Mathis's dogs were killed some distance from their own yard and just outside of Crawford's yard. Crawford had a fence around his yard.

¶ 8     The testimony about Mathis's dogs was that they were German Shepherds. The first one killed was a puppy. The last one killed was an older dog. Further, there was no or insufficient evidence of dog-on-dog provocation, that is, that Mathis's dogs provoked Crawford's dogs to attack, to constitute any defense in the case.

¶ 9                                             II. ANALYSIS

¶ 10     On appeal, Crawford raises two issues. First, that the trial court should be reversed because two of Mathis's claims were time barred by the five-year statute of limitations period for the filing of actions for damage to personal property contained in section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2018)). Crawford argues first that he should not have been expected to file a written affirmative defense alleging that the earlier claims were barred by the statute of limitations. Next, Crawford argues that the trial court should have asserted the affirmative defense on Crawford's behalf *sua sponte*, pursuant to Illinois Supreme Court Rule 286(b) (eff. Aug. 1, 1992). Crawford argues further that Mathis presented insufficient evidence on the issue of damages for the trial court to calculate damages.

¶ 11     We review challenges to a trial court's bench-trial ruling under the manifest weight of the evidence standard. *Jackson v. Bowers*, 314 Ill. App. 3d 813, 818 (2000). Crawford argues that the applicability of a statute of limitations is a matter of law which is to be reviewed *de novo*. *Hassebrock v. Ceja Corp.*, 2015 IL App (5th) 140037, ¶ 25. We agree, however, the trial court did not rule on the applicability of the statute of limitations, as the statute of limitations was not

raised in the trial court. The interpretation of a supreme court rule is a question of law reviewable under the *de novo* standard of review. *People v. Brindley*, 2017 IL App (5th) 160189, ¶ 15.

¶ 12    Initially, we note that Mathis did not file an appellee brief in this matter. However, when an appellee fails to file a brief, reversal is not automatic. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131 (1976). Here, we are capable of addressing the issues raised in the defendant's appeal because the record is simple, and the claimed errors can be easily decided without the benefit of the appellee's brief.

¶ 13                              A. Statute of Limitations

¶ 14    A dog is an item of personal property in the eyes of the law. *Jankoski v. Preiser Animal Hospital, Ltd.*, 157 Ill. App. 3d 818, 820 (1987). In the State of Illinois there is a five-year limitation period for the filing of actions for damage to real or personal property. 735 ILCS 5/13-205 (West 2018). The statute of limitations is an affirmative defense, which is one that "gives color to the opposing party's claim and then asserts new matter by which the apparent right is defeated." *Worner Agency, Inc. v. Doyle*, 121 Ill. App. 3d 219, 222 (1984). The burden of proving an affirmative defense is upon the party asserting it. *In re Estate of Comiskey*, 146 Ill. App. 3d 804, 808 (1986). A statute of limitations may be waived if not raised in the trial court. *In re Marriage of Ostrander*, 2015 IL App (3d) 130755, ¶ 17.

¶ 15    Crawford argues that because Mathis's first two claims were for dogs killed more than five years prior to the filing of the complaint, the statute of limitations barred those claims, and a written notice of affirmative defense was not required to raise the issue in the trial court. Alternatively, Crawford asserts that he is entitled to judgment despite failing to raise the statute of limitations because the trial court, pursuant to the small claims rules, was required to raise the affirmative defense on his behalf. We disagree.

¶ 16                    1. *No requirement of written notice of affirmative defense*

¶ 17    In the present case, Crawford did not assert the affirmative defense during trial or in a motion to reconsider before the trial court. Crawford did not file an answer or motion asserting that two of Mathis's claims fell outside of the statute of limitations. Crawford did not in any way raise the issue of the statute of limitations before the trial court, and he failed to raise the issue in a motion to reconsider. The applicability of the statute of limitations was raised for the first time on appeal.

¶ 18    Under section 2-613(d) of the Code (735 ILCS 5/2-613(d) (West 2018)), if a defendant wishes to assert an affirmative defense at trial, he is required to specifically plead it so that the plaintiff is not taken by surprise. *Spagat v. Schak*, 130 Ill. App. 3d 130, 134 (1985). If he fails to do so, he is deemed to have waived the defense and it cannot be considered even if the evidence suggests the existence of the defense. *Id*.

¶ 19    It is clear from the record that the trial court was proceeding pursuant to the rules for small claims (particularly Illinois Supreme Court Rule 286 (eff. Aug. 1, 1992)). Rule 286(b) states as follows:

> "In any small claims case, the court may, on its own motion or on motion of any party, adjudicate the dispute at an informal hearing. At the informal hearing all relevant evidence shall be admissible and the court may relax the rules of procedure and the rules of evidence. The court may call any person present at the hearing to testify and may conduct or participate in direct and cross-examination of any witness or party. At the conclusion of the hearing the court shall render judgment and explain the reasons therefor to all parties." Ill. S. Ct. R. 286(b) (eff. Aug. 1, 1992).

¶ 20    Generally, where the small claims rules direct an issue or matter of procedure, such rules take precedence; they are complete. *Wicks v. Bank of Belleville*, 56 Ill. App. 3d 222, 227 (1977). The small claims rule applicable to responsive pleadings is Illinois Supreme Court Rule 286(a), which simply states:

> "[T]he defendant in a small claim must appear at the time and place specified in the summons and the case shall be tried on the day set for appearance unless otherwise ordered. If the defendant appears, he need not file an answer unless ordered to do so by the court; and when no answer is ordered the allegations of the complaint will be considered denied and any defense may be proved as if it were specifically pleaded." Ill. S. Ct. R. 286(a) (eff. Aug. 1, 1992).

¶ 21    In regard to pleadings, the rule merely provides that the defendant need not answer unless ordered to do so by the court. If no answer is ordered by the court, the allegations of the complaint are considered to be denied, and the defendant may prove any defense he has available. *Peoria Housing Authority v. Roberson*, 74 Ill. App. 3d 326, 328 (1979). Therefore, Crawford was not required to file a written answer nor was he required to file a written notice of an affirmative defense in a small claims action unless required by the trial court.

¶ 22    Additionally, this court has liberally construed how an affirmative defense may be raised during trial in a small claim action. In *Nicolai v. Mason*, 118 Ill. App. 3d 300 (1983), the plaintiff claimed that the defendant did not raise the affirmative defense of the statute of limitations at trial. *Id*. at 301. However, the report of proceedings indicated that respondent had testified " 'that all this happened such a long time ago and he didn't understand how he could be sued on it now.' " *Id*. at 301-02. The court held that the testimony was sufficient to raise the defense of the statute of limitations, as it sufficiently apprised both the plaintiff and the court that the plaintiff

had waited too long to sue. *Id*. at 302. Since the defendants' affirmative defense was adequately presented to the plaintiff and the trial court, and since nothing in the record showed that the plaintiff was denied the opportunity to present evidence tending to overcome that defense, the plaintiff's due process and equal protection rights were not abridged by the trial court. *Id*.

¶ 23    While the rules governing small claims actions are intended to provide an expeditious, simplified, and inexpensive procedure for handling small claims, other practice rules, as well as the provisions of the Code, are applicable to small claims provisions if consistent with the aims of the small claims rules. *Harmon Insurance Agency, Inc. v. Thorson*, 226 Ill. App. 3d 1050, 1052 (1992). The purpose of the requirement to file an affirmative defense pursuant to section 2-613(d) of the Code is to facilitate the decision of cases on their merits, and to eliminate the harsh consequences stemming from unfair surprise at trial prior to the enactment of the modern rules of procedure. *Id*. Because Illinois Supreme Court Rule 286(a) (eff. Aug. 1, 1992) eliminates the necessity of written pleadings in small claims cases, compliance with the letter of section 2-613(d) is unnecessary in such cases. *Id*. However, compliance with the spirit of section 2-613(d) is consistent with the aims of the small claims rules, and as such, it is applicable to small claims proceedings. *Id*. While a party is not required to file a formal answer absent an order to do so by the trial court, the party must at minimum raise the defense prior to the conclusion of the respondent's case in chief so that the plaintiff will have an opportunity for a fair rebuttal. *Id*.

¶ 24    Requiring a *pro se* litigant in a small claims action to adhere strictly to technical rules of pleading runs counter to the spirit and intent of the small claims rules, but the rules cannot be relaxed to the extent of creating unfairness to the opposing party. A litigant in small claims court must comply with the spirit of section 2-613(d) of the Code (735 ILCS 5/2-613(d) (West 2018)) and give some notice either before or during the trial that they will be relying on an affirmative

defense. While the manner in which the defense is raised may be relaxed in small claims actions, fundamental fairness requires that the parties must have a reasonable opportunity to respond.

¶ 25    In the instant case, there is nothing in the record indicating that Crawford raised the applicability of the statute of limitations to two of Mathis's claims, or even alluded to the time that had passed since Mathis's first two dogs were killed. As such, the issue was waived.

¶ 26        2. *Trial court not required to raise affirmative defense in small claim*

¶ 27    Regarding Crawford's argument that under Illinois Supreme Court Rule 286(b) (eff. Aug. 1, 1992), it was incumbent upon the trial court to assert the affirmative defense on behalf of Crawford, we disagree. We first note the lack of authority in Crawford's brief. Illinois Supreme Court Rule 341(h) (eff. May 25, 2018) sets out the requirements for appellants' briefs. The rule lists the sections of the brief as well as the requirements for each section. With respect to arguments, the rule requires that the briefs shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018). An argument that is developed may be insufficient if it does not include citations to authority. *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). The Illinois Supreme Court has stated that even where the brief includes both argument and citation, a party may nonetheless forfeit review if the cited authority is irrelevant and does not represent a sincere attempt to comply with the rule. *Id*.

¶ 28    The only citation included in Crawford's brief supporting his argument that the trial court was required to assert the affirmative defense of the statute of limitations on Crawford's behalf is the supreme court rule. When analyzing a supreme court rule, this court must ascertain and give effect to the supreme court's intent. *Anderson v. Financial Matters, Inc.*, 285 Ill. App. 3d 123, 135 (1996). Where the language of the supreme court rule is plain and unambiguous, courts will

8

not read in exceptions, limitations, or other conditions. *Id.* Thus, considering the plain language of Rule 286 in accordance with the rules of statutory construction, we cannot find that the rule requires the trial court to *sua sponte* raise an affirmative defense on behalf of a respondent.

¶ 29 We further note that a trial judge may not assume the role of an advocate. *People v. Trefonas*, 9 Ill. 2d 92, 100 (1956). A trial judge may question witnesses to elicit truth or to enlighten material issues that seem obscure. *Obernauf v. Haberstich*, 145 Ill. App. 3d 768, 771 (1986). The scope of such an examination rests largely in the court's discretion. *Id.* Witness examination by the trial judge has been regularly approved in bench trials, where there is a decreased risk of prejudice and inquiries are appropriate to the judge's role as a factfinder, and in small claims actions, where the rules of evidence are applied less strictly in order to further the goal of providing a simplified and expeditious procedure for litigation of small amounts. *Id.*

¶ 30 While the trial court wields significant discretion in small claims actions to further its role as factfinder, the trial court is not an advocate for either party. Illinois Supreme Court Rule 286 (eff. Aug. 1, 1992) allows the trial court in a small claims proceeding to relax the rules of procedure and the rules of evidence. The court may call witnesses that are present to testify and may conduct or participate in direct and cross-examination. At the end of the proceeding, the court is required to render judgment and explain the reasons therefor to all parties. There is nothing presented to this court in Crawford's brief or arguments that indicate the trial court did not comply with the supreme court rule in conducting the proceeding regarding the affirmative defense.

¶ 31 Crawford did not raise the affirmative defense in any way during the proceedings in the trial court. In light of Crawford's failure to refer this court to any applicable cases supporting his argument, we hold that the trial court did not err in failing to assert the affirmative defense on

Crawford's behalf as that is not what is required by the plain language of the rule. The trial court must proceed with caution to ensure that the judge does not become an advocate and that both sides are given a fair opportunity to answer the charges and defenses raised.

¶ 32                                    B. Insufficient Evidence for Damages

¶ 33    Crawford next argues that the trial court's award of damages was against the manifest weight of the evidence where the facts presented at trial regarding the value of the three dogs included only that they were all German Shepherds and did not include any other evidence from which the value of the dogs could be determined by the trier of fact. One was a puppy and one was an "old dog." Crawford argues that there was no evidence presented as to the amount Mathis paid for the dogs, their market value, or any sentimental value attached to the dogs.

¶ 34    In the eyes of common law, a pet is an item of personal property, and an action will lie for their conversion or injury. *Anzalone v. Kragness*, 356 Ill. App. 3d 365, 369 (2005). While fair market value is the traditional ceiling for damage to personal property, Illinois courts have held that certain items of personal property have no market value. *Leith v. Frost*, 387 Ill. App. 3d 430, 436 (2008). Illinois cases initially provided that damages for loss of a pet were based on the pet's fair market value, as evidenced by the pet's qualities and its commercial value, and for the loss of its services. *Anzalone*, 356 Ill. App. 3d at 370.

¶ 35    However, Illinois courts recognize that certain items of personal property, such as heirlooms, photographs, trophies, and pets have no market value. *Jankoski v. Preiser Animal Hospital, Ltd.*, 157 Ill. App. 3d 818, 820 (1987). Damages for harm to such items of property are not restricted to nominal damages. *Leith*, 387 Ill. App. 3d at 436. Rather, damages must be ascertained in some rational way from such elements as are attainable. *Id*.

¶ 36    The proper basis for assessing compensatory damages in such a case is to determine the item's actual value to the owner, who is entitled to demonstrate its value to him by such proof as the circumstances admit. *Id*. The value to the owner may include some element of sentimental value in order to avoid limiting the owner to merely nominal damages. *Id*. In cases where the pet cannot be replaced, the measure of the "value to the owner" is left largely to the discretion of the trier of fact. *Id*. There is no formula for computing the value of the pet to her owner. *Id*.

¶ 37    In the present case we are asked to determine whether the trial court's determination that Mathis's three dogs were together worth $5000 was against the manifest weight of the evidence. A conclusion is against the manifest weight of the evidence if the finding is unreasonable, arbitrary, or not based on the evidence. *Bazydlo v. Volant*, 164 Ill. 2d 207, 215 (1995). An award of damages is not against the manifest weight of the evidence if there is an adequate basis in the record to support the trial court's determination of damages. *Schatz v. Abbott Laboratories, Inc.*, 51 Ill. 2d 143, 147 (1972). In proving damages, the burden is on the plaintiff to establish a reasonable basis for computing damages. *Razor v. Hyundai Motor America*, 222 Ill. 2d 75, 107 (2006). Damages must be proved with reasonable certainty and cannot be based on conjecture or speculation. *Id*. at 106-07. While absolute certainty with regard to damages is not required, the evidence must nevertheless establish a basis for the assessment of damages with a fair degree of probability. *Prairie Eye Center, Ltd. v. Butler*, 329 Ill. App. 3d 293, 302 (2002).

¶ 38    While there is no precise formula for the valuation of a dog as an item of personal property and the trial court has significant discretion in a determination of value, including an element of sentimental value, there must be some evidence of record by which the trial court fashions an award. The evidence must afford some reasonable and proper basis for ascertaining value. *Long v. Arthur Rubloff & Co.*, 27 Ill. App. 3d 1013, 1026 (1975). At a minimum, it must

11

rise to the dignity of proof and supply such elements or standards for measuring value to enable the trier of fact to exercise its judgment. *Id.*

¶ 39     There was some evidence before the trial court as to the dogs' value to Mathis. The bystander's report indicates that there were three German Shepherds.[1] One dog was old and one was a puppy. Mathis requested damages in the amount of $10,000, indicating to the trial court that was the value of the dogs to their owner. While the bystander's report does not indicate that pure-breed German Shepherds are more valuable than a mixed breed companion dog, courts are not at liberty to entirely disregard facts of general knowledge of which the courts, themselves, are cognizant.

¶ 40     However, there was no evidence regarding the cost of German Shepherd dogs or any breed of dog. There was no evidence as to the purchase price of Mathis's particular dogs, their value at the time of their loss, the amount of any veterinary bills associated with their loss, whether they were specially trained, or if they were working dogs (guide, scent, service animal, guard, hunting, retrieving, herding, etc.) or companion animals. There was no evidence as to whether Mathis spent significant time training the dogs or if the animals had significant sentimental value to him.

¶ 41     We reiterate that there is no formula for determining the value of a pet and the above list is not an exhaustive list of factors that may relate to a trial court's determination of valuation. We recognize that this was a small claims action and thus not subject to the strict rules of evidence and procedure. See Ill. S. Ct. R. 286(b) (eff. Aug. 1, 1992) ("At the informal hearing all relevant evidence shall be admissible and the court may relax the rules of procedure and the rules of

---

[1]While the complaint indicated that two of the dogs were German Shepherds and one was half German Shepherd, the bystander's report submitted by Crawford indicates that all three dogs were German Shepherds. Therefore, we will proceed under that premise.

evidence."). Nevertheless, these relaxed rules did not lessen Mathis's burden of proof; he still had to establish a reasonable basis for computing damages.

¶ 42    Here, there were three distinct items of property each with its own value. The trial court did not delineate the value assessed to each item of property and did not state the basis for arriving at the award of $5000 for the three dogs. There was insufficient evidence to establish each of the dogs' value to Mathis. Further, evidence was admitted at trial that Crawford compensated Mathis with a pit bull puppy for the loss of one of the dogs. It is unclear to what extent, if any, the trial court credited Crawford for the compensation with other property. Therefore, the damage award was against the manifest weight of the evidence, as it was not supported by the evidence adduced at trial.

¶ 43    Although Mathis failed to provide an adequate basis upon which the trial court could calculate damages with reasonable certainty, the record is of course sufficient to establish that Mathis suffered damages as a result of the deaths of his three dogs. Accordingly, it would be unjust to reverse the award for damages for the destruction of the dogs outright, and we, therefore, reverse and remand for a new trial solely on the question of the value of the dogs to Mathis. See *Razor*, 222 Ill. 2d at 110 (noting that appellate courts have reversed for a new trial where, among other circumstances, the plaintiff failed to show damages with reasonable certainty, but the interests of justice required the plaintiff be given an opportunity to show the proper measure of his or her damages, and remanding for a new trial, where jury awarded plaintiff $5000 for breach of automobile warranty without sufficient evidence of value as delivered). The trial court, in pronouncing its judgment, should explain the reasons therefor to the parties.

¶ 44                               III. CONCLUSION

¶ 45    For the foregoing reasons, that portion of the judgment finding Crawford liable is affirmed. The damage award, however, is reversed and the cause is remanded for a new trial solely on the issue of damages not inconsistent with the views expressed in this order.

¶ 46    Affirmed in part, reversed in part, and remanded.